OPINION OF THE COURT
Leo F. Hayes, J.
Petitioner brings this CPLR article 78 proceeding seeking an order compelling Edward J. McLaughlin, Judge of the Family Court, and M. Madelyn Dwyer, Clerk of the Family Court, to issue subpoenas on his behalf and to produce certain transcripts and other records of previous Family Court proceedings.
Respondents through their attorney, the Deputy Assistant Attorney-General, have moved to dismiss the petition. This decision will be dispositive of both motions.
Petitioner’s demands arise out of a matter now pending in Family Court. Apparently this is but the most recent *1018 round in petitioner’s continuing legal bout with his former wife. During the pendency of the outstanding Family Court matter Judge McLaughlin issued an order dated March 27, 1980, whereby petitioner was permitted to proceed as a poor person within the meaning of CPLR article 11.
Petitioner claims that in order to prepare for the upcoming hearing he needs the transcripts of prior proceedings, as well as other records kept by the Family Court. In addition, he demands that Judge McLaughlin issue some 19 subpoenas on his behalf so that he can present witnesses and documentary evidence at the hearing.
The petition fails to demonstrate the sine qua non of mandamus relief; a clear right to the relief requested. (See 23 Carmody-Wait 2d, NY Prac, § 145:106.) In order to demonstrate his clear entitlement to have a particular act done, a petitioner must establish that the respondent is under a correspondingly clear legal duty to perform that act. This in turn leads to the distinction between acts requiring the exercise of official discretion and merely ministerial duties. It is said that only in the latter case will mandamus lie. This is really a corollary of the underlying rule, for where an official has been granted discretion as to how he may discharge his duties, an aggrieved party would be hard put to demonstrate a clear legal right to have things done his way. On the other hand, an official will not be allowed to exercise his discretion in an arbitrary, capricious or discriminatory fashion. (CPLR 7803, subd 3; People ex rel. Lodes v Department of Health of City of N.Y., 189 NY 187; see, generally, 23 Carmody-Wait 2d, NY Prac, § 145:117.)
CPLR article 23 sets out the framework for the issuance of subpoenas in this State:
CPLR 2302 (subd [a]) provides: “Without court order. Subpoenas may be issued without a court order by the clerk of the court, a judge where there is no clerk, the attorney general, an attorney of record for a party to an action, an administrative proceeding or an arbitration, an arbitrator, a referee, or any member of a board, commission or committee authorized by law to hear, try or deter *1019 mine a matter or to do any other act, in an official capacity, in relation to which proof may be taken or the attendance of a person as a witness may be required.”
As a layman, the petitioner is not a member of a class given the power to issue a subpoena. He is not deprived of his right to obtain witnesses since he can make application to the court for issuance of his subpoenas (Schwartz v Shapiro, 91 NYS2d 771). The Family Court Judge is specifically granted authority to issue subpoenas. “The family court may issue a subpoena or in a proper case a warrant or other process to secure or compel the attendance of an adult respondent or child or any other person whose testimony or presence at a hearing or proceeding is deemed by the court to be necessary, and to admit to, fix or accept bail, or parole him pending the completion of the hearing or proceeding. The court is also authorized to issue a subpoena duces tecum in accordance with the applicable provisions of the civil practice act and, upon its effective date, in accordance with the applicable provisions of the CPLR.” (Family Ct Act, § 153; emphasis supplied.)
The question here is whether Judge McLaughlin has any discretion in issuing the subpoenas presented by petitioner. If he does, and unless he patently abuses his discretion, this court has no authority to interfere.
That the Judge does indeed have discretion in the matter is plain from the permissive tone of the Family Court Act. Common sense dictates that this be so. If a Judge could not refuse to issue subpoenas — no matter how unreasonable — private citizens could be harassed and litigation could become a judicial nightmare at the hands of well-intended but misled litigants.
Judge McLaughlin has indicated his assent to nearly all of the petitioner’s proffered subpoenas. This tells the court that Judge McLaughlin has not exercised his discretion in an arbitrary or capricious manner. Since issuance of the subpoenas is discretionary and since there is no evidence of an abuse of that discretion, this court will not interfere on the issue of subpoenas.
The petitioner seeks transcripts of prior proceedings in order to prepare for the upcoming hearing and not in preparation for an appeal.
*1020 The distinction is important since petitioner has been granted permission to proceed as a poor person. Transcripts must be provided without cost to one allowed to appeal as a poor person, and may be provided without cost in proceedings other than appeal (CPLR 1102, subd [b]).
Of course, this only answers the question concerning who pays for the transcripts and not whether some official has deprived petitioner of his right to have them in the first place. He cites sections 255, 300 and 302 of the Judiciary Law for the proposition that the respondents have violated their duty to supply the transcripts. The last two sections impose duties upon the court’s stenographer, who is not a respondent in this proceeding. These provisions compel a stenographer to produce transcripts upon payment of the required fees. As already noted, petitioner is not entitled to free transcripts for purposes other than appeal. If, however, he has tendered the appropriate fees or if he has been granted permission by Judge McLaughlin to receive such transcripts with no cost to him, it would seem that a stenographer failing to provide same would be responsible to Judge McLaughlin.
Concerning the respondent Family Court Clerk, since no order pursuant to section 13 of the Judiciary Law has been made whereby the stenographer’s notes of the prior proceedings were filed in her office, she is simply not a proper respondent on this issue.
The other respondent, Judge McLaughlin, does not have the stenographer’s notes. There is nothing that says he must order them filed with the Family Court Clerk. Nowhere is it written that he must have them transcribed without cost to petitioner. In short, the petitioner does not have a clear, legal right to have the transcripts he requests since their production by these respondents lies within their field of discretion.
Section 255 of the Judiciary Law imposes an obligation on a court clerk to search the files and make transcripts therefrom. Petitioner by his letter of April 24, 1980, requested the respondent Family Court Clerk to provide copies of specified documents allegedly in her possession. He also informed her that he was permitted to proceed as a poor person.
*1021 The duty imposed on the court clerk is. mandatory. “A clerk of a court must, upon request, and upon payment of, or offer to pay, the fees allowed by law, or, if no fees are expressly allowed by law, fees at the rate allowed to a county clerk for a similar service, diligently search the files, papers, records, and dockets in his office; and either make one or more transcripts or certificates of change therefrom, and certify to the correctness thereof, and to the search, or certify that a document or paper, of which the custody legally belongs to him, can not be found.” (Judiciary Law, § 255; emphasis supplied.)
Since petitioner is a poor person he is excused from payment of the fees which the clerk would otherwise be entitled to receive (CPLR 1102, subd [d]).
Accordingly, respondents’ motion to dismiss this article 78 proceeding is granted with respect to-the subpoenas and the transcripts and petitioner is hereby granted an order directed to the respondent Family Court Clerk ordering copies of all files, papers, records and dockets in her office, together with her certification as to the correctness thereof or a certification as to any document which she cannot find.