MARIA GKANIOS, Appellant, v FOTIOS GKANIOS, Also Known as FRANK GKANIOS, Respondent. [930 NYS2d 637]—

The appeal from the intermediate order dated November 16, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff commenced this action in December 1990 for a divorce and ancillary relief. Her motion for poor person relief was granted on May 31, 1994. A hearing was held in August and September 2008, regarding equitable distribution and ancillary relief, including whether certain judgments for support arrears should be vacated. At the conclusion of the hearing, the Supreme Court directed the plaintiff to provide the defendant husband with a copy of the transcript of the hearing, so that the parties could submit post-trial memoranda. The plaintiff failed to provide the transcript, on the grounds that she had been granted poor person relief and could not afford to pay for the transcript. The defendant subsequently moved, inter alia, to dismiss so much of the complaint as sought equitable distribution and ancillary relief and to vacate the judgments for support arrears, contending that by her failure to provide the transcript, the plaintiff abandoned her claims. In an order dated November

16, 2009, the Supreme Court, among other things, granted those branches of the defendant's motion. A judgment was entered upon the order, and an order amending the November 16, 2009, order, was issued on December 1, 2009. The plaintiff appeals.

CPLR 1102 (b) provides that stenographic transcripts of trials or hearings must be provided without cost to a party who has been permitted to appeal as a poor person, but that "[a] poor person *may* be furnished with a stenographic transcript without fee by order of the court in proceedings other than appeal" (CPLR 1102 [b] [emphasis added]; *see Panek v McLaughlin*, 110 Misc 2d 1017, 1019-1020 [1980]). Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's request for a free transcript of the August and September 2008 hearing without first inquiring into the plaintiff's finances. Since the hearing in question concerned issues central to the claims between the parties, the court should have inquired into the wife's financial situation at the time of the hearing. If the court determined that the wife maintained her status as a poor person for the purposes of CPLR 1102, under the circumstances of this case, it should have provided her with a free transcript. If the wife did not maintain her status as a poor person, the Supreme Court's determinations in this matter were correct.

The plaintiff's remaining contentions are without merit.

Accordingly, we remit the matter to the Supreme Court, Putnam County, for a determination as to whether the plaintiff's financial situation at the time of the hearing, held in August and September 2008, entitled her to a free transcript of the proceedings of that hearing, pursuant to CPLR 1102 (b), and a new determination thereafter of those branches of the defendant's motion which were to dismiss, as abandoned, so much of the complaint as sought equitable distribution and ancillary relief and to vacate certain judgments for support arrears. Skelos, J.P., Eng, Austin and Miller, JJ., concur.