department, entered December 30, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was on contract to recover contribution by defendant, in the proportion provided for in a written agreement, for wages paid by plaintiff to workmen employed in maintenance of telegraph lines along the railroad right of way. The answer raised the issue whether plaintiff could increase the wages of such workmen without the defendant's consent and compel contribution to the increased amounts expended in the same percentage.

*Chester B. McLaughlin* and *Francis R. Stark* for appellant.

*Jacob Aronson, Leo Manville, Robert J Cary* and *Alexander S. Lyman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ. Not sitting: O'BRIEN, J.

---

JACOB ADRIAANSEN, Appellant, *v.* BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWN OF MARION, Respondent.

*Schools — tax — assessment — consolidation of school districts — liability of taxpayer in one of annexed districts to assessment for payment of indebtedness voted in district to which his was annexed before consolidation.*

*Adriaansen* v. *Board of Education,* 222 App. Div. 320, affirmed.
(Argued April 6, 1928; decided May 1, 1928.)

APPEAL from a judgment, entered January 7, 1928, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. By order of a District Superintendent of Schools seven school districts in Wayne county were consolidated with Union Free School District

No. 1 of the Town of Marion. Prior to that time the electors of the Marion School District had authorized the issuance of bonds to pay for a school. Plaintiff, a taxpayer in one of the annexed districts, brought this action to test the question of his liability to assessment for payment of such bonded indebtedness.

*George S. Van Schaick* and *Howard M. Woods* for appellant.

*Harry D. Williams* and *Lawrence G. Williams* for Wood & Brooks Company, *amicus curiæ.*

*Clyde W. Knapp* for respondent.

*Albert Ottinger, Attorney-General, amicus curiæ.*

*Ernest E. Cole* for Commissioner of Education, *amicus curiæ.*

*Simon Fleischman, Frank C. Moore* and *Martin Clark* for Union Free School District No. 1, Town of Tonawanda, *amicus curiæ.*

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ. Not sitting: O'BRIEN, J.

---

DOROTHEA E. BECKER, Appellant, *v.* JOHN A. MUEHLIG, Individually and as Executor of LOUIS MUEHLIG, Deceased, et al., Defendants, and CAROLINE A. R. HARSCH et al., Respondents.

*Vendor and purchaser — practice — partition — judicial sale — referee must conform to directions of judgment — motion to compel bidder to complete purchase denied.*

*Becker* v. *Muehlig,* 221 App. Div. 512, affirmed.

(Submitted April 6, 1928; decided May 1, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 17, 1928, which reversed an order of Special Term directing defendant Harsch to complete her purchase of premises bid in by her at a sale in partition and denied a motion to compel her so to do. By the inter-