Sidney A. Fine, J.
This is a motion by plaintiffs for summary judgment upon the first cause of action or, in the alternative, for judgment declaring unconstitutional Local Law No. 45 of the Local Laws of the City of New York. The first cause of action seeks a judicial declaration that Local Law No. 45 of the year 1964, which fixes a minimum wage of $1.50’ per hour in New York City, is unconstitutional on various grounds.
In 1962, the City of New York adopted Local Law No. 59 of that year, which likewise fixed a minimum wage of $1.50 in New York City. At that time, section 652 of the Labor Law provided for a minimum wage of $1 per hour until October 15, 1962, $1.15 per hour until October 15, 1964, and thereafter $1.25 per hour. Section 652 is still in full force and effect.
Motions for temporary injunctions in actions brought to declare the 1962 local law unconstitutional were granted by the Appellate Division (Wholesale Laundry Bd. of Trade v. City of New York, 17 A D 2d 327). Thereafter this court, at Special *817 Term, granted the plaintiffs’ motions for summary judgment and denied the defendant’s motions to dismiss the complaint and for judgment declaring the local law constitutional (Mr. Justice Fine, N. Y. L. J., Dec. 24, 1962, p. 9, col. 2). The Appellate Division affirmed (18 A D 2d 968, 969). The Court of Appeals also affirmed, though by a divided court (12 N Y 2d 998). The majority of the Court of Appeals affirmed upon the opinion of the Appellate Division in 17 AD 2d 327. In that opinion, Mr. Justice Steuer, writing for the court, held that the 1962 local law was inconsistent with sections 650 through 665 of the Labor Law, also called the Minimum Wage Act, because the local law (p. 330) “ forbids a hiring at a wage which the State law permits and so prohibits what the State law allows ’ ’. Since the State Constitution, as it then read prohibited a city from enacting legislation inconsistent with the ‘ ‘ laws of the State, ’ ’ the court held that the 1962 local law was unconstitutional. It pointed out that (p. 330) “ the State law indicates a purpose to occupy the entire field [of minimum wage legislation.] ” The court declared that this purpose was apparent (p. 330) “from the restriction on any law that supersedes any provision of the Labor Law (City Home Rule Law, § 21) ” as well as from the provisions of the State Minimum Wage Act which provide ‘ ‘ machinery for the determination of an adequate wage in any occupation and in any locality, including the City of New York.” Attention was also called (p. 329) to the provision of subdivision 4 of section 11 of the City Home Rule Law that “ Nothing contained in this section shall be deemed by implication or otherwise to authorize an amendment or repeal of any provision of the labor law.”
Thereafter, on January 1, 1964, an amendment to the State Constitution went into effect which broadened the powers of local governments to enact local legislation (N. Y. Const., art. IX). On the theory that this constitutional amendment rendered obsolete the prior decision that the city had no power to enact legislation fixing $1.50 per hour as a minimum wage therein, the city adopted Local Law No. 45 of the year 1964, the statute whose constitutionality is presented for determination in this action. That local law, like the 1962 local law, fixes $1.50 per hour as the minimum wage in the city.
No claim is made by the city that the constitutional amendment was designed to overcome the holding of the Court of Appeals that the city was without power to fix a higher minimum wage than that prescribed by the Labor Law. The fact is that the amendment was first approved by the Legislature in 1962, long before the city enacted the 1962 minimum wage law and, a *818 fortiori, prior to the time when that law was declared invalid by our courts.
The amendment to the Constitution contains, however, no provision requiring or justifying any change in the conclusion reached by the Court of Appeals in regard to the 1962 local minimum wage law.
Counsel for the city point out that the prior constitutional provision prohibited local laws inconsistent with the ‘ ‘ laws of the State ”, whereas the amendment prohibits local laws inconsistent with “any general law”. It is argued that the State Minimum Wage Act is not a “ general law ”, which is defined as a “ law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages ” (N. Y. Const., art. IX, § 3 subd. [d], par. [1]), because “ the Industrial Commissioner is authorized to establish a different minimum wage rate for different localities in respect to particular industries.” It seems clear, however, that the act is a “general law” in that the provisions for a minimum wage up to $1.25 per hour and for the establishment by the Commissioner of a higher minimum wage for particular occupations, varying with localities, apply alike to all cities and counties. The statute is clearly not a “special law”, which is defined in paragraph (4) (§ 3, subd. [d]) of article IX of the Constitution as “ A law which in terms and in effect applies to one or more, but not all, counties, counties other than those wholly included within a city, cities, towns or villages.” It follows that the 1964 local law violates the constitutional prohibition against local laws inconsistent with “ general laws ” of the State on the same subject.
Counsel for the city also urge that under the new constitutional amendment a local law is valid “ except to the extent that the Legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government ’ ’ of the locality (art. IX, § 2, subd. [c]). The provision relied on does not support this contention. It declares that “ (i) every local government shall have power to adopt and amend local laws not inconsistent with * * * any general law relating to its property, affairs or government and, (ii) every local government shall have power to adopt and amend local laws not inconsistent with * * * any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government ” (italics supplied). It is clear from the *819 above language that a local law, whether or not it relates to the property, affairs or government of a locality, must be consistent with “ any general law ” relating to the subject of the local law. Even if it is so consistent, the Legislature may, nevertheless, if the local law does not relate to the property, affairs or government of the locality, restrict its adoption. Thus, in order to be valid, a local law, not relating to the property, affairs or government of the locality, must (1) be consistent with “ any general law ” on the subject of the local law, and (2) not be expressly prohibited or restricted by the Legislature. The contention that a local law is valid unless there is an express legislative restriction against its adoption overlooks the clear additional requirement of the Constitution that the local law must also be “ not inconsistent with any general law ’ ’ on the same subject.
Furthermore, even though express legislative restrictions are not necessary to a finding that a local law inconsistent with a general law on the same subject is unconstitutional, it is well to note that there are express legislative restrictions against the adoption of Local Law No. 45 of 1964. Subdivision 5 of section 21 of the former City Home Buie Law, which was relied upon in the opinion of the Appellate Division holding the 1962 local law unconstitutional, is now, in substantially the same language, embodied in section 11 (subd. 1, subd. [f]) of the Municipal Home Buie Law. It expressly prohibits the adoption of a “ local law which supersedes a state statute, if such local law: * * * f. Applies to, affects or changes any provision of * * * the labor law ”. Subdivision 2 of section 22 of the Municipal Home Buie Law also provides that “No local law shall supersede any provision of a state statute ’ ’, substantially the language of subdivision 2 of section 11 of the former City Home Buie Law.
It is also urged on behalf of the city that the provision of the 1963 amendment to the Constitution, that “Bights, powers, privileges and immunities granted to local governments by this article shall be liberally construed ”, (N. Y. Const., art. IX, § 3, subd. [c]) requires a determination that Local Law No. 45 of 1964 is valid. Liberal construction cannot, however, disregard the constitutional requirement that a local law must be consistent with “ any general law ” on the same subject. Moreover, section 31 of the former City Home Buie Law also contained a provision for liberal construction and yet the Court of Appeals struck down the 1962 local law as inconsistent with sections 650 to 665 of the Labor Law.
In the court’s opinion, there is nothing in the new amendment to the Constitution which authorizes any departure from the reasoning which led our appellate courts to hold the 1962 local *820 law unconstitutional. The fact that the determination of the Court of Appeals was by a closely divided court does not detract from the binding force and effect of the holding. (See, also, McMillen v. Browne, 14 N Y 2d 326.)
In view of the conclusions reached, it is unnecessary to consider whether, if Local Law No. 45 of 1964 were not inconsistent with general State statutes, it would be within the city’s power to adopt.
While the court is in full sympathy with the objectives of the local law, the remedy in the present posture lies only with the State Legislature.
Plaintiffs’ motion for summary judgment is granted.