TOWN OF HORNELLSVILLE, Respondent, *v.* CITY OF HORNELL et al., Appellants, et al., Defendants.

Fourth Department, February 25, 1972.

*William J. Holbrook, City Attorney (Joseph R. Cullen* of counsel), for City of Hornell, appellant.

*Louis C. Zannieri* for Jean B. Lindner and others, appellants.

*Cole & Walker (Robert H. Cole* of counsel), for respondent.

*Charles P. Knapp,* guardian ad litem and military attorney.

CARDAMONE, J.  We are asked to determine the ownership of Union Park, a portion of which has been appropriated by the State for highway purposes.  The owner will be entitled to a substantial monetary award therefor.

On July 16, 1832 Thomas and Sylvania Bennett conveyed the subject property to the Supervisor of the Town of Hornellsville and his successors in office, as trustees for the use of the town "forever" as a public park area.  Subsequently, by acts of the Legislature, the Village of Hornellsville was created, carved out as a subdivision within the confines of the town; later the village became the City of Hornellsville and finally, as it is presently, the City of Hornell, defendant herein.  Union Park is located geographically within the boundaries of both the City of Hornell and the Town of Hornellsville.

The town commenced an action pursuant to section 1505 of the Real Property Actions and Proceedings Law and was awarded summary judgment by Special Term which adjudged it the owner in fee simple of Union Park.  We disagree.

A careful reading of the Charters granted to the City of Hornellsville in 1888 and to the City of Hornell in 1906 persuades us that title to the park was transferred to the City of Hornell by them.

The Charter of 1888 (L. 1888, ch. 40, tit. VII, § 3) provides that: "§ 3. All streets, parks, places, lanes and alleys now in public use within said city, heretofore laid out as public highways under any law of this State, of which a record has been made in the office of the clerk of Steuben county, or of the clerk

of the town of Hornellsville, or of the clerk of the village of Hornellsville, and all streets, parks, places, lanes and alleys therein, not recorded, which have been or shall have been worked or improved and used as public highways for twenty years or more, shall be deemed public highways of the city of Hornellsville."

The Charter of 1906[1] makes a similar provision, deeming parks used continuously for 20 years or more to be public highways of the City of Hornell.

It is undisputed that the land was used as a public park from 1852 to 1888 or for 36 years and that no record to the contrary has been found in the offices of the Clerk of Steuben County, nor in the offices of the Clerks of the Village or Town of Hornellsville. Thus, Union Park which was " in public use within said city " and which had been worked or improved " for twenty years or more " was deemed a public highway of the City of Hornellsville by the 1888 Charter and of the City of Hornell by the provisions of the 1906 Charter.

Both Charters state that all streets, *parks*, places, lanes and alleys shall be deemed public highways if used as public highways for 20 years. Plainly, it would be redundant for the Charter to have repeated on each occasion the words streets, parks, places, lanes and alleys and used instead the broader term public highways which includes them. Both involve rights of user in the individual members of the public and it is proper to refer to parks as public highways (3 Tiffany, Law of Real Property [3d ed.], ch. 20, § 933).

It must be further noted that other provisions of the 1888 Charter (tit. I, § 3) and the 1906 Charter (tit. I, § 2) transferred *all property* of the Village of Hornellsville to the City of Hornellsville, and from the City of Hornellsville to the City of Hornell respectively. Thus, the subsequent provisions of both Charters, referred to previously, must logically be construed to refer to land either owned by the village or owned by any other third person which would include the land owned by the town

---

1. The Charter of 1906 (L. 1906, ch. 288, tit. VIII, § 151) provides as follows: " § 151. All streets, parks, places, lanes, and alleys now in public use within said city heretofore laid out as public highways under any law of this state, of which a record has been made in the office of the clerk of Steuben county, or the clerk of the town of Hornellsville, or of the clerk of the village or city of Hornellsville, and all streets, parks, places and lanes and alleys, not recorded, which have been or shall have been dedicated, worked or improved, used continuously as public highways for twenty years or more at the time this act takes effect, shall be deemed public highways of the city of Hornell."

provided the land in question was in public use, worked as a public highway for 20 years or more.

Further evidence of the Legislature's intent to transfer title in the park to the City of Hornell or its predecessors is found in the 1906 Charter (tit. IX, § 182)[2] which provides that Union Park and all other parks in the City of Hornell shall be under the exclusive control and management of the Board of Public Works of the defendant City of Hornell. It seems safe to conclude that since the Legislature burdened the city with the expense of maintaining the park and vested it with exclusive control and management, it intended it to be the property of the city.

It is well settled that the Legislature has the power to effectuate this intent. It may create or destroy, combine or divide, and enlarge or restrict municipal corporations (*Matter of La Guardia* v. *Smith,* 288 N. Y. 1; *City of New York* v. *Village of Lawrence,* 250 N. Y. 429; *Adriaansen* v. *Board of Educ. of Union Free School Dist. No. 1,* 222 App. Div. 320, affd. 248 N. Y. 542). Significantly, with respect to the plaintiff town in this connection, the 1888 Charter provided that "The town of Hornellsville shall hereafter consist of all that portion of said town not included within the boundaries of the city of Hornellsville " (Charter of 1888; L. 1888, ch. 40, tit. 1, § 5).

Two other arguments raised by plaintiff should be mentioned. First, the town claims that if there was such a transfer of this land by Charter, it was void as to it because it was without due process of the law. We find no merit to this because the town had notice from the time of the Charter creating the village (1847) and then had further notice in 1906 of the exclusive control and the duty of maintenance imposed on the city. If the

2. " § 182. The public parks, known as Union park and Maple City park in the city of Hornell and all other parks or places in said city shall be under the exclusive control and management of the board of public works. They shall have the control and direction of the expenditure of all funds contributed or which may be appropriated for the grading, laying out, improving and management of said park or parks. Personal property may be donated, given or bequeathed to the city for the purpose of the improvement or ornamentation of the said park or parks and the approaches thereto, upon such trusts and conditions as may be prescribed and approved by the board of public works, and all property so donated, given or bequeathed shall be subject to the exclusive management, direction and control of the board of public works. The board of public works, in their annual report to the common council, shall make a separate detailed statement of all moneys expended by it in the care and maintenance of the public parks and a separate detailed estimate of the amount which the board considers will be required for such care and maintenance during the ensuing year."

transfer was improper as to the park, then it was as to all the streets and highways within the city which the town does not claim to own. The plaintiff town correctly contends, responding to the city's claim of adverse possession, that it held this park in its governmental capacity and was, therefore, not subject to such a claim (*City of New York* v. *Wilson & Co.*, 278 N. Y. 86; 2 N. Y. Jur., Adverse Possession, § 103). Under the common law[3] a municipality was not entitled to compensation for the taking of property held by it in its governmental capacity (*City of Albany* v. *State of New York*, 21 A D 2d 224). Finally, with respect to the claim of the successors of the original grantors of a reversionary interest, it is settled law that the institution of a condemnation proceeding does not cause a reversion of the property to the heirs of the grantor (*Carter* v. *New York Cent. R. R. Co.*, 73 N. Y. S. 2d 610, affd. without opn. 273 App. Div. 884, affd. 298 N. Y. 540; *Matter of City of New York* [*Public Park*], 265 App. Div. 875, affd. 291 N. Y. 501).

The judgment and order of Special Term should be reversed and summary judgment granted in favor of the City of Hornell declaring it to be the owner in fee simple of Union Park.

DEL VECCHIO, J. P., WITMER, MOULE and HENRY, JJ., concur.

Judgment and order unanimously reversed on the law, without costs, and summary judgment granted in favor of defendant City of Hornell.

---

3. The common-law rule was changed in 1960 by section 3 of the General Municipal Law which provides for compensation where property is taken for a purpose substantially different from that for which it was held by the municipality. This accounts for the payment by the State in the taking of a portion of the park.