OPINION OF THE COURT
Arthur E. Blauvelt, J.
This is an article 78 proceeding brought by petitioners seeking a judgment annulling a determination of the respondent Zoning Board of Appeals for the City of Auburn, New York (hereinafter Board) which granted a special use permit to respondents Davia (hereinafter Davias) to operate a day care center for preschool children at premises known as 19 Grover Street in the City of Auburn, New York, on which a single-family residence stands and, as an incident thereto, granting an area variance pertaining to the rear lot line reducing the required minimum depth of the rear yard from 25 feet to slightly less than 15 feet.
The premises are owned by the Davias and are located at the northeast corner of Grover and School Streets in a district zoned R-2.
The building faces Grover Street and the lot comprises .229 acres of land. It is approximately 97 feet in depth and approximately 101 feet in width. The rear line, being the north line of the lot, is between 14 and 15 feet to the north of the north side of the building. Although section 24-59, Schedule II, of the Municipal Code of the City of Auburn requires that rear yards in zoning districts R-l and R-2 have a minimum depth of 25 feet, this building was erected more than 100 years before Auburn enacted a zoning ordinance and this rear lot was a nonconforming use for so long as the property was used as a residence, which it had been until the Davias applied for this special use permit in the spring of 1978.
The Davias proposal was to utilize this property as a day care center from 6 a.m. to 6 p.m. for 40 preschool children and to employ from six to eight adults to supervise the center.
Petitioners have standing to bring this proceeding since they reside on the south side of Grover Street approximately opposite the Davias property.
As stated, the Davias applied to the Board for this special *1070 use permit and a public hearing was held on August 28, 1978. It was attended by many neighboring residents who spoke in opposition to the application arguing that a day care center such as contemplated would depress values of property in the neighboring area, create parking problems, traffic hazards on Grover and School Streets, both of which are comparatively narrow, fire and crime hazards and that the area of the property, specifically the rear yard, did not meet the minimum requirements of chapter 24 (the zoning ordinances) of the Municipal Code of the City of Auburn which became effective February 1, 1965. At the conclusion of the public hearing, the Board by a vote of three to one made its determination to permit the special use and in doing so, granted an area variance to the Davias reducing the rear yard requirement from 25 feet to slightly less than 15 feet.
The Davias then opened their day care center and petitioners commenced this article 78 proceeding to annul the determination.
Because of what follows, the court has not passed upon the sufficiency of the record upon which the Board based its determination nor the sufficiency of its findings because the determination was tainted by two errors of law, each of which is fatal to the Davias’ application to the Board.
The first error is that the affirmative vote of the Board was by only three votes.
Section 81 of the General City Law requires that in order for a board of zoning appeals to grant a special use permit, the affirmative vote must be at least four votes. Respondents would counter this by arguing that section 81 of the General City Law was expressly superseded by Local Laws, 1969, No. 3 of the City of Auburn, purportedly enacted pursuant to section 11 of the Municipal Home Rule Law which reduced the required number of affirmative votes from four to three. This is now section 24-18 (subd [1], par [f]) of Auburn’s zoning ordinance.
Auburn’s zoning ordinance prescribes what are "permitted” uses in each zoning district in classes 1 through 10 in schedule I of the code section 24-58. As to these, no action is required by the Board. A day care center is not among these 10 classes. However code section 24-55 provides for "special” uses for each zoning district as specified in classes 11 through 16 in the aforesaid schedule I. Among them, in regard to R-2 districts, is class 12, "related residential uses”. Section 24-55 (subd [2], par *1071 [a]) includes day care centers as a "related residential use”. However, to obtain a special use permit for a day care center in an R-2 district, application must be made to the Board. After the Board has received a report on the application from the Planning Board, it is required to publish a notice of a public hearing to be held at an appointed time and place. At the public hearing, the Board hears argument, pro and con, from the concerned public and, as a matter of practice, which was followed in this case, a transcript of the hearing is made. At the conclusion of the hearing, the Board votes upon the application and its findings and determination are reduced to writing.
The power to zone is conferred upon cities by subdivision 24 and 25 of section 20 of the General City Law. By its terms, section 20 provides: "Subject to the constitution and general laws of this state, every city is empowered”. (Emphasis supplied.) It is a general law as the same is defined in section 3 (subd [d], par [1]) of article IX of the New York State Constitution, and subdivision 5 of section 2 of the Municipal Home Rule Law. Section 81 of the General City Law authorizes cities which have enacted zoning ordinances pursuant to "paragraphs twenty-four and twenty-five of section twenty of’ the General City Law to create boards of appeals to assist in the administration of those zoning ordinances and specifies the powers and duties of such boards. Among such powers and duties, subdivision 1 of section 81 provides: "The concurring vote of four members of the board shall be necessary to * * * decide in favor of the applicant any matter upon which they are required to pass under any such ordinance or to effect any variation in such ordinance.” This, also, is a general law.
This conclusion is reinforced by what is said in Seaman v Fedourich (16 NY2d 94, 101): "It is axiomatic that governmental units are creations of, and exercise only those powers delegated to them by the State”. It is further reinforced by what is said in 1970 (1970 Atty Gen [Inf Opns] 123, 124; 11 Opns St Comp, 1955, p 613).
Being a general law, the City of Auburn lacked power to purportedly supersede subdivision 1 of section 81 of the General City Law by adopting Local Laws, 1969, No. 3 of City of Auburn by reducing the required affirmative vote from four to three. (Wholesale Laundry Bd. v City of New York, 43 Misc 2d 816, affd 22 AD2d 762, 765, affd 15 NY2d 604; NY Const, art IX, § 2, subd [d]; Municipal Home Rule Law, § 22, subd 2.)
*1072 Respondents cite 11 Opinions of the State Comptroller (11 Opns St Comp, 1955, p 613, supra) as authority for their argument that a local law can supersede subdivision 1 of section 81 of the General City Law by reducing the required affirmative vote from four to three. A reading of that opinion reveals a contrary holding. In its concluding paragraph (11 Opns St Comp, 1955, pp 613, 614) the following is advised: "In view of the doubtful validity of a local law such as you propose it would not be advisable to adopt the same.”
Consequently, both the special use permit and the rear yard variance, being supported by only three votes, are null and void, as the local law is inconsistent with the general law and must give way thereto.
There is a second fatal error of law in granting the special use permit and incidental rear yard variance.
In specifying the conditions upon which the Board is empowered to grant special use permits, code section 24-55 (subd [2], par [c]) stipulates: "All such buildings shall conform to the minimum lot size, minimum yards, maximum building heights and maximum building coverage regulations specified in schedule II, section 24-59 for single-family dwellings in the R-l district.” The minimum rear yard depth is specified in schedule II as 25 feet.
Finally, subdivision (1) of code section 24-20 authorizes the Board to grant a variance only for a "permitted” use. Day care centers are not within the ten classes of "permitted” uses specified in Schedule I of section 24-58; they are in the "special” uses, class 12.
Judgment is directed in accordance with the foregoing annulling the determination under review.