Robert Grich, Appellant, v Wood & Hyde Leather Co., Inc., et al., Respondents.

Third Department, May 1, 1980

### APPEARANCES OF COUNSEL

*Eisenberg, Honig & Meyer (Daniel Kaye* of counsel), for appellant.

*Maider & Smith (Lydon F. Maider* of counsel), for respondents.

### OPINION OF THE COURT

Sweeney, J.

Plaintiff was employed by Wood & Hyde Leather Co., Inc., which was later acquired by the Genesco Corporation, and he was a member of a profit sharing plan. On October 26, 1974,

plaintiff resigned and began employment with M. Frenville Co. It is maintained by plaintiff that in March, 1976, he inquired as to the procedure for withdrawing his share from the plan and was informed that he had forfeited his benefits pursuant to a provision of the plan which permitted forfeiture in the event that an employee left to work for a competitor. Defendants claim that contrary to plaintiff's assertions M. Frenville Co. is a competitor. Plaintiff subsequently commenced this action seeking recovery of his interest in the plan. Special Term denied plaintiff's motion for summary judgment and this appeal ensued.

The sole issue on this appeal concerns the applicability of the Employee Retirement Income Security Act of 1974 (ERISA) (US Code, tit 29, § 1001 *et seq.*). Section 514 (subd [b], par [1]) of ERISA provides that "[t]his section [whereunder ERISA supersedes State law] shall not apply to any cause of action which arose, or any act or omission which occurred, before January 1, 1975" (US Code, tit 29, § 1144, subd [b], par [1]). Section 203 of ERISA (US Code, tit 29, § 1053) proscribes the forfeiture of pension benefits because of postemployment competitive activity. ERISA manifests a strong public policy against forfeiture of employee benefits *(Post v Merrill Lynch, Pierce, Fenner & Smith,* 48 NY2d 84). Consequently, if ERISA is applicable, plaintiff is entitled to his benefits regardless of whether he violated the noncompetition clause.

It is argued by plaintiff that his cause of action did not arise until after January 1, 1975 since it was not until after that date that he requested payment and a decision was made denying him benefits. Section 514 (subd [b], par [1]) of the ERISA provides, however, that it is inapplicable not only when the cause of action arose before January 1, 1975, but also when any act or omission occurred before January 1, 1975 (US Code, tit 29, § 1144, subd [b], par [1]). No part of that section should be considered meaningless or superfluous unless that conclusion is inevitable *(Direen Operating Corp. v State Tax Comm.,* 46 AD2d 191). It must be assumed that every provision of a statute was intended to serve some useful purpose (McKinney's Cons Laws of NY, Book 1, Statutes, § 231, p 389; *Matter of Swierupski v Korn,* 69 AD2d 632).

In the present case, plaintiff joined the profit sharing plan in 1965 and contributions were made to the plan on plaintiff's behalf until he terminated his employment in October, 1974, and went to work for an alleged competitor. Even if it be

assumed that plaintiff's cause of action did not arise until after he requested his benefits and his request was denied, several significant acts giving rise to his claim occurred prior to January 1, 1975. In our view, the occurrence of such acts before January 1, 1975 renders ERISA inapplicable (see *Bacon v Wong,* 445 F Supp 1189). This is not to say that any minor act occurring prior to January 1, 1975 and relevant to the cause of action would preclude the application of ERISA. It is the opinion of this court that under the present circumstances section 514 (subd [b], par [1]) of ERISA requires that State law apply (US Code, tit 29, § 1144, subd [b], par [1]). Having so concluded, we must affirm the order denying plaintiff's motion for summary judgment since the factual question remains as to whether or not M. Frenville Co. is a competitor of the Genesco Corporation.

The order should be affirmed, without costs.

GREENBLOTT, J. P., KANE, STALEY, JR., and CASEY, JJ., concur.

Order affirmed, without costs.