SHELDON H. SOLOW, Doing Business as SOLOVIEFF GALLERY Co., Petitioner, v KARL G. WELLNER et al., Respondents.

Civil Court of the City of New York, New York County, February 2, 1989

### APPEARANCES OF COUNSEL

*Levenson, Finder, Novick & Kerrigan (Robert J. Anderson,* of counsel), for respondents. *Finkelstein, Borah, Schwartz, Altschuler & Goldstein* and *Abrams, Lerner, Kisseloff, Kissin & Lapidus (Ray L. LeFlore* of counsel), for petitioner.

### OPINION OF THE COURT

LOUIS B. YORK, J.

In the course of trial, respondents' attorney applied to the court for a copy of the transcript that is provided daily to the petitioner. The petitioner does not dispute that he is required to give a copy of the transcript to the respondent but he believes he should not give any copies of the transcript to the respondents until after the trial is completed.

CCA 110 (k), applicable to the Housing Part of the court, states that, "Any party making a request for a copy of either a mechanically or manually recorded transcript shall bear the cost thereof and shall furnish a copy of the transcript to the court, and to the other parties."

There appears to be no case law interpreting when copies of

the transcript should be furnished to opposing counsel by the requesting party. There also appears to be no legislative history relevant to this issue.

It is the practice in the Civil Court to receive a copy of the transcript at or about the same time that the requesting party receives the transcript. The statute's plain meaning requires that the requesting party bear the cost of the ordered transcript and furnish the court and opposing counsel with a copy. The intention of the Legislature must be ascertained by the "literal reading[s] of the words and language in the statute itself." *(See, Matter of Allstate Ins. Co. v Libow,* 106 AD2d 110, 114 [2d Dept 1984], *affd* 65 NY2d 807 [1985].) The question for consideration is *when* opposing counsel is entitled to a copy of the transcripts.

The Legislature's implicit intent in the enactment of this section was to balance the advantages between the parties in landlord/tenant litigation. There is no doubt that, "[i]t must be assumed that every provision of a statute was intended to serve some useful purpose." *(Grich v Wood & Hyde Leather Co.,* 74 AD2d 183, 184 [3d Dept 1980].) The statute does not impose any requirement to furnish a transcript upon a "petitioner" or "respondent", but merely requires that "[a]ny party making a request for a copy of either a mechanically or manually recorded transcript shall bear the cost thereof and shall furnish a copy of the transcript to the court, and to the other parties." The most reasonable conclusion that can be drawn from this section is that the "furnish[ing]" to the court *"and to the other parties"* must be made at about the same time. *(Cf., Grich v Wood & Hyde Leather Co., supra.)* The court and the requesting party usually receive copies of the transcript simultaneously.

During the course of this trial petitioner has made use of daily transcripts for the purpose of assisting him in the trial for a variety of reasons including the impeachment of witnesses who testified a day earlier. Use of the transcripts has apparently also been used in conjunction with motion practice in Supreme Court in matters related to this proceeding. Although the petitioner permitted the respondent to view specific sections of the transcript at various times during examination of respondents, the respondents are not in a position to review other sections which may or may not explain an apparent inconsistency in testimony which might assist them. This is a situation where only the petitioner and the court have in front of them during cross-examination of

respondents copies of transcripts pertaining to prior relevant testimony. The court cannot act as respondents' advocate and it would be unreasonable to expect petitioner to point out relevant sections of the transcript to his opposing counsel during an examination of a witness during trial.

The Court of Appeals in *Alweis v Evans* (69 NY2d 199 [1987]) held that the statute requiring court reporters to furnish free copies of transcripts upon request to the court did not conflict with another statute providing for payment when ordering a transcript. The court also held that where daily copy of expedited transcripts are ordered by the court, payment should be made to the court reporter because of the extraordinary effort to procure these copies. *(Alweis v Evans,* 69 NY2d, *supra,* at 206.) This case is not on "all fours" with the present action but it seems logical that if a court is statutorily entitled to receive free copies under Judiciary Law § 299 such a statutory requirement under CCA 110 (k) upon the requesting party to furnish the court such a copy *and* "the other parties" is likewise mandatory. In the present action there is daily copy ordered by petitioner but unlike *Alweis (supra)* there is no extraordinary effort after receipt of the transcript in furnishing respondent with a copy within a reasonable period of time.

The court orders that petitioner must furnish respondent with a copy of the transcript in this matter after its receipt by 4:00 P.M. on the following business day for those matters heard after February 2, 1989. The petitioner is also required to furnish copies of the transcript to respondent obtained since the beginning of the trial by February 21, 1989.