*463 OPINION OF THE COURT
John Copertino, J.
On May 10, 1988, the Suffolk County Legislature adopted Local Law No. 21, entitled "A local law providing employee protection against video display terminals.” As set forth in section 1, the County Legislature determined that "although some employers and manufacturers have recognized and implemented minimum safeguards in equipment and workstation design and work routine in order to better protect the health and wellbeing of employees who operate video display terminals on a regular basis, the vast majority of terminal operators remain, as yet, unprotected.” The County Legislature then stated its intent to protect such workers by requiring employers, defined as those operating 20 or more terminals within the borders of Suffolk County (§ 2 [c]), to implement what section 1 describes as "widely recognized * * * safeguards”.
In furtherance of this stated goal, Local Laws, 1988, No. 21 of the County of Suffolk (sometimes hereinafter referred to as the VDT law) requires annual vision examinations and any necessary eyewear at employers’ expense (§ 3A) and establishes workstation standards, which include the types of chairs, tables, lighting and electronic equipment to be used by the affected employees (§3B). The law also mandates work breaks (§ 3C) and employee education and training (§ 3D). It also sets forth the rights of employees (§4) and provides for enforcement by the Commissioner of the Suffolk County Department of Health Services (§ 6), who is authorized to issue appropriate rules and regulations (§ 8). The legislation calls for the establishment of a review board to make recommendations to the County Legislature and County Executive with regard to workstation standards (§ 7).
In short, for those employers and employees who are covered, Local Law No. 21 purports to be a comprehensive approach to a relatively recent but nonetheless widespread phenomenon, the video display workstation. On July 22, 1988, about one week after Local Law No. 21 became effective over the veto of County Executive Patrick Halpin, plaintiffs commenced an action to have the law declared invalid. All plaintiffs are alleged to be corporations fitting the section 2 definition of "Employer,” and thus are subject to the legislation.
By decision dated October 5, 1988 this court granted a preliminary injunction enjoining defendant County of Suffolk *464 (County) from enforcing section 3A of the law, with which employers had to comply by October 11, 1988 pursuant to sections 10 and 11. Several weeks later defendant County moved to dismiss the complaint; by decision dated January 21, 1989, this court denied the motion. Issue was then joined by defendant’s service of an answer.
Pending are dispositive motions which call upon the court to decide whether Local Law No. 21 should be upheld as a valid exercise of a local government’s power, or struck down for one of the several reasons advanced by plaintiffs in their complaint. Defendant County moves for summary judgment dismissing each of the three causes of action. Plaintiffs have cross-moved for a partial summary judgment on the first and second causes; however, use of the term "partial,” though accurate in the procedural sense, is somewhat misleading in that granting the cross motion means striking down the statute in its entirety.[1]
For the reasons set forth below, the court has concluded that though the legislation is well intentioned and ultimately may be proved an important first step in bringing the worker health concerns addressed in the law to the attention of the public, the Suffolk County Legislature lacked the authority to enact Local Law No. 21. Consequently, judgment must be had for plaintiffs on their first cause of action and the law declared invalid ab initia.
This matter concerns the nature and extent of the power delegated to municipalities by the State, and certain well-established concepts bear repetition. A county is a municipal corporation (County Law § 3), and as such is a political subdivision of the State, created by the Legislature for the exercise of such governmental powers as may be entrusted to it (Trenton v New Jersey, 262 US 182). The municipal corporation’s very existence remains subject to the State’s will. In the absence of express restrictions placed by the Constitution upon the exercise of its legislative powers, the State Legislature may create or destroy, combine or divide, and enlarge or restrict the State’s subdivisions (City of New York v Village of Lawrence, 250 NY 429; Town of Hornellsville v City of Hornell, 38 AD2d 312; County Law §50). Thus, and although certain powers may be shared by the State and the municipal *465 corporation, the State Legislature remains paramount (Matter of Marcus v Baron, 57 NY2d 862, revg 84 AD2d 118 on dissenting opn of Justice Hopkins).
It is perfectly true that the New York State Constitution gives every local government the authority to adopt and amend local laws on certain enumerated subjects, but such grants of power are to be viewed in light of these principles.
The County points to article IX, § 2, which in pertinent part reads as follows:
"(c) In addition to powers granted in the statute of local governments or in any other law * * * (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government * * *
"(10) The government, protection, order, conduct, safety, health and well-being of persons or property therein.”
This general grant of authority is restated in Municipal Home Rule Law § 10 (1):
"(ii) every local government * * * shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects * * *
"a. A county, city, town or village * * *
"(12) The government, protection, order, conduct, safety, health and well-being of persons or property therein.”
However, in section 11 of that same law the Legislature places certain restrictions on a municipal corporation’s authority to adopt local laws, as the NY Constitution permits the Legislature to do in article IX, §2 (c). In relevant part, these provisions are as follows:
"§ 11. Restrictions on the adoption of local laws
"1. Notwithstanding any provision of this chapter, the legislative body shall not be deemed authorized by this chapter to adopt a local law which supersedes a state statute, if such local law * * *
*466 "f. Applies to or affects any provision of * * * the labor law * * * or the workmen’s compensation law”.[2]
Of course, sections 10 and 11 must be read together. No part of either must be construed in such a fashion which would render one or the other meaningless or superfluous (Grich v Wood & Hyde Leather Co., 74 AD2d 183), nor should any construction serve to nullify either section (Delaware County Elec. Coop. v Power Auth., 96 AD2d 154, affd 62 NY2d 877). The State Legislature will be presumed to have inserted every provision for some useful purpose (Matter of Albano v Kirby, 36 NY2d 526). The County’s interpretation of its powers under State law runs counter to these well-established precepts of statutory interpretation. Specifically, the County implies that section 11 (1) (f) has no vitality separate and apart from section 10.
The County argues that the VDT law is "not inconsistent with any general law” and so is a legitimate exercise of local legislative power. It cites the silence of the State Legislature on the subject of VDTs in the workplace, and concludes that "Local Law 21 relates to an unregulated area * * * supplements the existing statutory safeguards afforded to employees in the workplace” and does not "expressly conflict” with State mandates. The County goes on to describe what it views as relevant sections of the Labor Law which, of course, make no mention of VDTs. In like fashion, the defendant claims that Local Law No. 21 is not in derogation of the Workers’ Compensation Law because, inter alla, the former is "preventative in nature,” whereas the latter treats of injuries arising in the course of employment. The County’s position is in a very real sense summarized by its citation to authority holding that a local law may be deemed inconsistent where there exists an express conflict between State and local law or where the local law operates to impose additional restrictions on rights under State law (New York State Club Assn. v City of New York, 69 NY2d 211; People v New York Trap Rock Corp., 57 NY2d 371).
The fatal weakness in this position is that it does not address the specific restrictions found in Municipal Home Rule Law § 11 (1) (f). Even were this court able to conclude that Local Law No. 21 is not inconsistent with the Constitution and general law, initially the court must decide if the County Legislature had the power to legislate in the area at all.
*467 Accordingly, this court must reject the County’s principal defense of the law. To do otherwise would render section 11 (1) (f) superfluous (Grich v Wood & Hyde Leather Co., supra); an analysis of a municipal corporation’s authority to adopt local laws concerning the workplace could be made by reference to section 10 (1) (ii) (a) (12) alone. The existence of section 11 and the clear differences in wording between the two sections cannot be ignored. Meaning and effect must be given to all statutory language, as it is not to be supposed that the State Legislature will deliberately place words or phrases — let alone an entire section — in a statute without purpose (McKinney’s Cons Laws of NY, Book 1, Statutes § 231; see also, Orange & Rockland Utils. v Hess Corp., 59 AD2d 110).
Therefore, and notwithstanding defendant’s arguments concerning the VDT law’s consistency with general law, the question of whether Suffolk County was restricted by the State from adopting Local Law No. 21 in the first instance must turn on whether this legislation "[a]pplies to or affects” the Labor Law or Workers’ Compensation Law; if it does, Municipal Home Rule Law § 11 provides that the local law thereby "supersedes” State law, rendering the local enactment unauthorized.
The phrase "[a]pplies to or affects” should be construed in its natural and most obvious sense (Shoreham-Wading Riv. Cent. School Dist. v Town of Brookhaven, 107 AD2d 219; McKinney’s Cons Laws of NY, Book 1, Statutes § 94), and because these words of ordinary import are not further defined in the paragraph, their common meaning must be employed (Matter of Vernon Woods Dev. Corp. v Pucillo, 134 AD2d 597; McKinney’s Cons Laws of NY, Book 1, Statutes § 232).
The words "[a]pplies to” and "affects” hardly could be more obvious or more sweeping in scope. "Applies”, when used as an intransitive verb in the phrase "[a]pplies to * * * the labor law” may be defined as broadly as "relevant to” (Webster’s New Twentieth Century Dictionary 90 [unabridged 2d ed 1975]). "Affects” is defined as "to act upon” or "to produce an effect or change upon” (id., at 32). Here too, the State Legislature chose an extremely general word. Moreover, "[a]pplies to” and "affects” are set forth in the disjunctive; this indicates that if a local law is either relevant to or acts upon the enumerated State statutes such local law represents an unauthorized use of a municipality’s legislative power. It cannot be *468 denied that the VDT law has at minimum the very general relationship to the Labor Law described in Municipal Home Rule Law § 11 (1) (f). As is indicated above, the local act purports to establish a comprehensive approach to an increasingly common workplace environment, and the workplace is the province of the Labor Law. This is dispositive.
Even a cursory review of the Labor Law indicates just how relevant the VDT law is to the issues addressed by the State statute. The Commissioner of Labor is empowered to "provide a method of encouraging employers and employees in their efforts to reduce the number of safety and health hazards arising from undesirable, inappropriate, or unnecessary working conditions at the workplace and of stimulating employers and employees to institute new and to perfect existing programs for providing safe and healthful working conditions” (Labor Law §21 [6]). With the United States Occupational Safety and Health Act (29 USC § 651 et seq.), the Labor Law is the foundation for safety and health standards throughout the State (Labor Law §27), and the law sets forth the general duty of employers to protect the health and safety of employees (Labor Law § 200). The State statute even provides certain specific mandates analogous to those contained in the VDT law (see, e.g., Labor Law § 203-b ["Seats for female employees”], § 207 ["Protection of employees at switchboards”], § 202-h ["High-voltage proximity”], § 201-b ["Fees for medical examination”]). The extensive arguments of the County concerning how the VDT law "supplements” existing safeguards provided by the State statute merely serve to articulate the connection.
The court acknowledges that, as the parties have stated, there is no direct case authority for invalidating a local law such as the VDT legislation for its contact with the Labor Law pursuant to Municipal Home Rule Law § 11 (1) (f), and to that extent this case is one of first impression. The closest any other court has come was Special Term, New York County, in Wholesale Laundry Bd. of Trade v City of New York (43 Misc 2d 816, affd 22 AD2d 762, affd 15 NY2d 604). In that case, plaintiffs’ motion for summary judgment for a declaration that Local Laws, 1964, No. 45 of the City of New York was unconstitutional was granted. That local law set a minimum wage above the one established by the Labor Law, and was invalidated as being inconsistent with the general State statute. Inconsistency is not the foundation of the ruling here. However, Justice Fine noted that although express legislative restrictions were not necessary to find a local law inconsistent *469 with a general law on the same subject, there were such restrictions against the adoption of Local Law No. 45 — and he cited that portion of Municipal Home Rule Law § 11 (1) (f) which refers to the Labor Law. Thus, dicta from a decision concerning the enactment of a local law touching on the Labor Law indicates that the basis for invalidating Local Law No. 21 has been cited with approval previously, and that decision was affirmed, without opinion, by the Appellate Division and the Court of Appeals.
Consequently, the court concludes that pursuant to Municipal Home Rule Law § 11 (1) (f) the Suffolk County Legislature was restricted by the State Legislature from adopting Local Law No. 21, and its enactment thus was an unauthorized act. The VDT law must be declared invalid on this basis.
In striking down the VDT law this court in no way finds that the worker health concerns addressed by this locad legislation have no basis in fact, nor concludes that operators are adequately protected by existing rules and regulations. However, there is a certain wisdom to Municipal Home Rule Law § 11 (1) (f) in disabling localities from regulating in this area. Since section 10 (1) (ii) (a) (12) empowers not only counties but cities, towns and even villages to adopt local laws concerning the "government, protection, order, conduct, safety, health and well-being of persons or property therein”, every municipal corporation, down to the smallest unit imaginable, would be permitted to adopt its own set of standards and enforcement procedures for any workplace technology not yet addressed by the State. Employers and employees might be subject to multiple and inconsistent approaches to the very same concerns. Moreover, a particular locality could enact a law which the State, better able to gather and evaluate the necessary data, might find ill-advised or even harmful. In an era of almost daily revelations about workplace health and safety, it would seem to serve the long-term interests of both managers and workers better to allow the State to continue its traditional oversight and control.

. This was acknowledged by plaintiffs’ counsel on oral argument.

. Now, the Workers’ Compensation Law.