OPINION OF THE COURT
Sandra J. Feuerstein, J.
This petition pursuant to CPLR article 78 for a judgment directing the respondents, Donald F. Kane, as Commissioner of the Police Department of the County of Nassau, and Thomas *186 S. Gulotta, County Executive of Nassau County (County), to comply with certain document requests sought pursuant to article 6 of the Public Officers Law (otherwise known as the Freedom of Information Law or FOIL), and the cross motion by the County to dismiss this proceeding, are determined as hereinafter provided.
The petitioner, Sportsmen’s Association for Firearms Education, Inc. (SAFE), is a not-for-profit corporation whose stated purpose is the education of its members and the general public about issues relating to the regulation of firearms.
On or about October 21, 1998, SAFE submitted a FOIL request demanding seven categories of documents. The County provided responses to requests 1, 2 and 5. The disputed requests are as follows:
“3. All documents, communications and information relating to the meaning, interpretation, explanation, purpose or significance of the term ‘proper cause,’ which appears in New York State Penal Law Article 400, §400.00 (2)(f).
“4. All documents, communications and information relating to the manner, procedure or practice in which the term ‘proper cause’ as appears in New York State Penal Law Article 400, §400.00(2)(f), is applied, explained, construed, interpreted or used by the Licensing Officer related to the filing, processing, review, grant or denial of an application for a pistol license * * *
“6. All documents, communications and information relating to pistol licenses issued or renewed by Nassau County that do not contain restrictions. This request is limited in scope to documents related to and including applications granted or denied, or licenses issued, renewed, surrendered, suspended, or revoked, within three (3) years from the date of your response to this Request.
“7. Identify by name, address and occupation any person issued a pistol license by Nassau County that does not contain restrictions and produce documents relating to the ‘proper cause’ accepted as justification by the Licensing Officer for issuance of that license. This request is limited in scope to licenses issued or renewed within ten (10) years of the date of your response to this Request” (emphasis in original).
As an additional part of its FOIL request, SAFE certified under penalty of perjury that none of the information obtained pursuant to this request would be used for “commercial or fund-raising purposes as prohibited by Public Officers Law §89.”
*187 The County was unable to identify any documents responsive to requests 3, 4 and 6. Additionally, the County denied access to the documents requested in item 7, citing Penal Law § 400.00 (5), as allowing only access to the name and address of the person whose application was granted.
SAFE appealed the initial determination contending that there is no legal basis to deny or limit request 7. SAFE asserted that the County was misinterpreting Penal Law § 400.00 (5), inasmuch as that section did not restrict access to only the names and addresses of the licensees. The County denied SAFE’S appeal stating that the legislative intent of Penal Law § 400.00 (5) supports its determination. SAFE then commenced this proceeding seeking an order compelling the County to produce documents responsive to item 7 of the FOIL request.
Based upon the assertions in its administrative appeal and upon the arguments raised in its petition, it appears that the purpose of the FOIL request is to determine the standards for the granting of a pistol permit in Nassau County. As required by Penal Law § 400.00 (2) (f), a prospective applicant for a pistol permit must demonstrate that “proper cause” exists. Based upon the recent decision of Matter of Seltzer v Kane (242 AD2d 302 [2d Dept 1997]), the County does not have to maintain written standards for what constitutes “proper cause”. Therefore, SAFE contends that it requires access to the granted applications so that it can determine the factors used to find “proper cause”.
The County has moved to dismiss the proceeding based upon its contention that SAFE or one of its affiliated organizations will use the information received for commercial or fund-raising purposes and that publication of the information would constitute an invasion of privacy and would endanger the safety of the licensee. These contentions were not raised by the County in denying or limiting SAFE’S item 7 request. Since judicial review of an administrative determination is limited to the grounds invoked by the administrative body (see, Matter of Kaufman v Board of Educ., 236 AD2d 538), these arguments cannot be considered by the court.
This case necessarily hinges upon the interpretation of Penal Law § 400.00 (5). Such an interpretation must begin with the legislative history.
The original Penal Law § 400.00 (5) provided, in pertinent part, that: “The application for any license, if granted, shall be a public record.”
In 1994, the statute was amended solely for the purpose of striking out the above language and replacing it with the fol *188 lowing: “The name and address of any person to whom an application for any license has been granted shall be a public record.” (Penal Law § 400.00 [5], as amended by L 1994, ch 332, §1.)
The legislative intent behind this amendment is demonstrated by the Legislative Memorandum which states in the “Summary of Provisions” that the new law “Would limit the part of an approved application which is designated a public record to the applicants [sic] name.” (Mem of Legislative Representative of City of NY in support of L 1994, ch 332, 1994 McKinney’s Session Laws of NY, at 2675.)
The section of the Memorandum entitled “Reasons for Support” states:
“Currently, Section 400.00(5) of the Penal Law reads that ‘The application * * * shall be a public record.’ The Court of Appeals in Kwitney v. McGuire, 53 N.Y.2d 968 (1981) held that the entire application for a pistol license must be available to the public as a result of the broad language in Section 400.00(5). The Court stated ‘Whether as a matter of sound policy disclosure of the contents of the application should be restricted is a matter for consideration and resolution by the Legislature.’
“In order to obtain a pistol license, an applicant must satisfy the burden of establishing ‘proper cause’ to have a firearm by supplying very specific information. This often includes data concerning times when cash or valuables are transported by the applicant, his/her daily schedule of activities indicating when he/she may be most vulnerable to criminal attack, statements regarding his/her criminal and mental health records, and reasons why the gun license is necessary.
“This sensitive and private information can be obtained by anyone under the present law, even a person with potential criminal motives. Some of the information could endanger the safety or well being of an applicant as well as being an invasion of privacy.” (Id., at 2675.)
Contrary to the petitioner’s contentions, the expressed legislative intent indicates that the precise information sought by petitioners, i.e., the “proper cause” demonstrated by the applicant, is not to be made public. The petitioner relies upon the erroneous belief that because the statute does not specifically exempt any other portion of the application, the limitation of disclosing only the name and address of the applicant is improper. This interpretation, supported by an advisory *189 opinion issued by the Committee in Open Government dated April 6, 1998 in response to a request by petitioner’s counsel, is contrary to well-established principles of statutory construction. The maxim expressio unius est exclusio alterius means that the specific mention of one thing provides an irrefutable inference that all other things not included were intended to be excluded (McKinney’s Cons Laws of NY, Book 1, Statutes § 240; Uribe v Merchants Bank, 91 NY2d 336 [1998]; Matter of Plan Corp. v Greiner-Maltz Co., 229 AD2d 122). This is especially so where, as here, an amendment limits the former statute (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 240).
Here, the Legislature limited the scope of disclosure of the approved pistol license application to name and address where previously the entire application was discoverable. In light of the stated legislative purpose of protecting the licensee from publication of the reason or reasons “proper cause” was found, it is clear that the Legislature intended only the name and address of the licensee to be a public record. In short, the information sought by the petitioner is precisely what the Legislature intended to preclude by the amendment.
Accordingly, the petition is denied.
The cross motion is denied as academic.