OPINION OF THE COURT
Robert Roberto, Jr, J.
*881 Ordered that the petition for a judgment directing the Nassau County Board of Elections to divide the Town of North Hemp-stead into six wards, to fix the boundaries thereof and to file a map of such wards with the Town Clerk of North Hempstead, enjoining the Town of North Hempstead from interfering with such process, declaring any act of the Town purporting to establish such wards to be a nullity, and declaring article 15A of the Code of the Town of North Hempstead to be a nullity, and “cross motion” by respondents the Town of North Hempstead and the Town Board of North Hempstead to dismiss the petition or, in the alternative, for an order directing notice of the proceeding be afforded to the Towns of Oyster Bay and Hempstead and permitting such Towns to intervene, are decided as follows:
Notwithstanding its political implications, this hybrid CPLR article 78 proceeding and declaratory judgment action turns on a comparatively straightforward question of law: whether respondents Town of North Hempstead and its Board (hereinafter, jointly referred to as the Town) have the power to enact a local law under which the Town may establish wards for the election of members of its legislative body, or whether that power resides in the Nassau County Board of Elections under the Town Law.
The facts are simple and undisputed. Petitioner Peter Cavallaro successfully sued to have a petition for the establishment of a ward system placed before the Town Board of North Hemp-stead, and ultimately the electorate (Cavallaro v Schimel, 194 Misc 2d 788 [2003]). On April 29, 2003, Town residents voted on two related propositions. They approved the establishment of a ward system, and an increase in the number of councilmen/ councilwomen from four to six.
The question here is which body is charged by law to implement the expressed will of the voters. Petitioner contends that section 85 of the Town Law mandates that the job belongs to the Nassau County Board of Elections.* Insofar as is relevant here, that statute provides as follows:
“1. Whenever a proposition shall have been adopted in a town . . . for the establishment of the ward system and the election thereafter of one councilman from each ward, the board of elections of the county . . . shall divide the town into ... six wards and fix the boundaries thereof.” (Town Law § 85.)
*882 Clearly, if this section of the Town Law is to be followed it would fall to the Nassau County Board of Elections, and not the Town, to set the boundaries of the new system. However, along with the Towns of Oyster Bay and Hempstead, the Town had passed a local law in 1987 which altered Town Law § 85 (1) in its application to the Town. The local law was codified as article 15A of the Code of the Town of North Hempstead. As amended by Local Law No. 2-2003 (2003) of Town of North Hempstead, section 15A-1 thereof altered section 85 to read in pertinent part as follows: “Whenever a proposition shall have been adopted in the town for the establishment of the ward system and the election thereafter of one (1) Councilman from each ward, the Town Board shall divide the town into ... six wards and fix the boundaries thereof. . . .”
Petitioner argues that this assumption of power by the Town in place of the Nassau County Board of Elections is contrary to law. He claims that the authority to do this would lie, if it lies at all, in the Municipal Home Rule Law, but that statute provides local government with the power to enact local laws only if they are “not inconsistent” with a general law of the State (Municipal Home Rule Law § 10 [1] [ii]). Petitioner contends that Town Law § 85 is a “general law,” with which article 15A is obviously inconsistent, and thus the local law cannot stand.
In support of his view, he points to a 1965 Opinion of the Attorney General, and claims that the opinion indicates that the Town may be able to adopt a local law altering ward boundaries once they are made, but (by implication) only the board of elections may do so in the first instance (see 1965 Ops Atty Gen No. 136). Petitioner also relies on a determination of the Appellate Division, Second Department, which affirmed a judgment of the Supreme Court, Suffolk County, striking down a Town of Brook-haven local law as inconsistent with the Town Law. That local law had added certain requirements above those found in Town Law § 81 (2) (b) regarding the authorization of referenda for the establishment of a ward system (Kepert v Allan, 287 AD2d 570 [2001]).
The Town responds that, contrary to petitioner’s claim, the New York State Constitution and the Municipal Home Rule Law provide it with the necessary authority to enact a local law such as article 15A. The Town Attorney asserts that various subdivisions found in Municipal Home Rule Law § 10 provide such authority, especially section 10 (1) (ii) (d) (3), which allows a town to amend or supersede sections of the Town Law as it *883 applies to such town with regard to certain subjects spelled out in that subparagraph. The Town also argues that Kepert is inapplicable to the present case.
For the following reasons the court agrees with the Town that it had the power to enact article 15A as a valid exercise of authority conferred upon it by the Municipal Home Rule Law, and for that reason has properly undertaken the task of drawing ward boundaries.
New York State Constitution, article IX, § 2 (c), and the specific provisions of the Municipal Home Rule Law based thereon, give local government the authority to adopt local laws on certain enumerated subjects, subject to restrictions on such power by the State as grantor (see Kamhi v Town of Yorktown, 74 NY2d 423, 430 [1989]; ILC Data Device Corp. v County of Suffolk, 146 Misc 2d 462, 464-465 [1989], affd 182 AD2d 293 [1992]). Therefore, the question here ultimately is one of interpretation of the particular state statutes involved.
The Municipal Home Rule Law provides that a town may enact laws relating to its governance, including such matters as the membership, composition and apportionment of its legislative body (Municipal Home Rule Law § 10 [1] [ii] [a] [2], [13]). In addition, and most important here, section 10 (1) (ii) (d) gives a town power to act with regard to the following:
“(3) The amendment or supersession in its application to it, of any provision of the town law relating to the property, affairs or government of the town . . . notwithstanding that such provision is a general law, unless the legislature expressly shall have prohibited the adoption of such a local law . . . this subparagraph shall not be deemed to authorize supersession of a state statute relating to (1) a special or improvement district or an improvement area, (2) creation or alteration of areas of taxation, (3) authorization of abolition of mandatory and permissive referendum or (4) town finances as provided in article eight of the town law . . . .” (Emphasis supplied.)
Under this statute, then, a general law found in the Town Law may be amended or superseded by a local town law with regard to the town’s own government, even where the local law is inconsistent with the state statute (Kamhi v Town of Yorktown, 74 NY2d 423, 430 [1989], supra). Further, none of the four exceptions to the general grant of power contained in this *884 subparagraph concern the power sought to be exercised here, establishment of a ward system, and the petitioner has not cited any other legislative provision specifically prohibiting a local law enabling it to do so. On its face, article 15A therefore does not run afoul of any “transcendent interest” of the State which would be manifested by state preemption or a specific prohibition (id.).
In addition to section 10, which provides the statement of power, Municipal Home Rule Law § 11 (“Restrictions on the adoption of local laws”) enumerates the reverse — that is, the specific exceptions to the general grant of power to political subdivisions of the State provided by the statute. There are two subparagraphs that would apply to a town in matters touching on elections and method of self-government. One prohibits any change to the number and term of office of members of a county board of supervisors chosen in such town; the other prohibits any alteration of section 8-100 of the Election Law, which concerns the dates and hours of voting in elections (Municipal Home Rule Law § 11 [1] [d], [f]). Neither of these subparagraphs are implicated by the subject local law.
A review of the foregoing therefore leads to the inescapable conclusion that article 15A was a legitimate exercise of the Town's power, even granting petitioner’s claim that Town Law § 85 is a general law (see Municipal Home Rule Law § 2 [5]). Although Municipal Home Rule Law § 10 (1) (ii) does indeed state that local laws cannot be inconsistent with “any” general law, accepting petitioner’s view would mean that another section of the same statute, specifically, section 10 (1) (ii) (d) (3), which carves out an exception regarding the Town Law, is a nullity and is not to be given effect. This would be contrary to the well-established principle of statutory construction forbidding such an interpretation (McKinney’s Cons Laws of NY, Book 1, Statutes § 98; Matter of Albano v Kirby, 36 NY2d 526, 530 [1975]). It would also mean that a specific provision should yield to the more general, when the reverse is true (McKinney’s Cons Laws of NY, Book 1, Statutes § 238; see Delaware County Elec. Coop, v Power Auth. of State of N.Y., 96 AD2d 154, 163-164 [1983], affd 62 NY2d 877 [1984]; Matter of Carola v Saratoga County Bd. of Elections, 180 AD2d 962, 965 [1992]).
Moreover, under the doctrine of expressio unius est exclusio alterius, the absence of the subject matter at hand — the power to establish boundaries for a ward system — from the list of specific exclusions enumerated in Municipal Home Rule Law *885 §§ 10 and 11 strongly indicates that such subject is one over which towns enjoy such power. Where a statute creates exceptions as to certain matters, inclusion of such exceptions should be considered to deny the existence of others not mentioned (McKinney’s Cons Laws of NY, Book 1, Statutes § 240; see Kroll v Clauson, 74 NYS2d 21 [1947], affd 272 App Div 1005 [1947], affd 297 NY 698 [1947]; Sportsmen’s Assn, for Firearms Educ. v Kane, 178 Misc 2d 185, 189 [1998], affd 266 AD2d 396 [1999]; Uribe v Merchants Bank, 91 NY2d 336 [1998]). It is worth noting that letters and memoranda created at the time section 10 (1) (ii) (d) (3) was enacted demonstrate that the four specific restrictions set forth therein were carefully considered, and therefore no others can be implied (see Chaiken affidavit, exhibit C).
The key authorities upon which petitioner relies are not to the contrary. Even if one could draw the inference from 1965 Attorney General Opinion No. 136 urged by petitioner, the same was disseminated in 1965, before the enactment of Municipal Home Rule Law § 10 (1) (ii) (d) (3) in 1976 (L 1976, ch 365, § 1). Kepert v Allan (287 AD2d 570 [2001], supra) is inapplicable, as the local law struck down by the courts in that case was one which had to do with referenda to put approval of a ward system before the voters in the first instance, which is no longer an issue in the Town of North Hempstead, nor in the present litigation. The case does not concern implementation of the ward system once the voters have approved a measure calling for it. Nor does it have to do with the alteration or supersession of Town Law § 85, except to the extent that the case bears generally upon a local law’s inconsistency with a state statute. In that regard, it should be noted that the power sought to be exercised by the Town of Brookhaven in Kepert concerned one of the very areas the Municipal Home Rule Law specifically excluded from the more general grant of amendment/ supersession power (see Municipal Home Rule Law § 10 [1] [ii] [d] [3] [3] [“this subparagraph shall not be deemed to authorize supersession of a state statute relating to . . . authorization or abolition of mandatory and permissive referendum”]). As discussed above, the power to draw ward boundaries is not so excluded.
Accordingly, and in view of the foregoing conclusions of law, the Town’s application must be granted. The cross motion is treated as a preanswer motion to dismiss directed to the pleading, and is granted. The petition is dismissed for failure to state *886 a cause of action (CPLR 7804 [f]; 3211 [a] [7]). Given this determination, the court does not reach the other grounds asserted by the cross-moving respondents, nor the alternative relief requested.

 The Nassau County Board of Elections takes no position on the issues addressed in this decision.