J. Raymond Amyot, J.
The petitioner in this CPLR article 78 proceeding operates an antique dealership in an isolated area at Lake George in Warren County. He claims to have been robbed on two occasions, once at gunpoint. He has filed two separate applications for a pistol license and both have been denied by the respondent, who, by virtue of his office, is the statutory licensing officer for the County of Warren (Penal Law, § 265.00, subd 10).
The respondent alleges that the petitioner’s first application was rejected "based on the investigation report furnished by the Warren County Sheriffs Department”, and the second application was denied based upon the report of investigation conducted by the New York State Police which contained the recommendation that the "applicant does not possess the necessary qualifications and should not favorably be considered to possess a pistol permit.”
The petitioner urges that his constitutionally guaranteed right to bear arms is abridged by the respondent’s refusal to grant him a permit. That contention is without merit. The right guaranteed by the Second Amendment to the United States Constitution and further defined in section 4 of article 2 of the Civil Rights Law does not extend to pistols or other readily concealable hand weapons. Rather, those guarantees protect only the right to be armed with weaponry suitable for use by the militia in warfare and for the general defense of the community. (Matter of Moore v Gallup, 267 App Div 64, affd 293 NY 846.)
No constitutional or statutory enactment has vested our citizenry with the undeniable right to possess or carry a pistol. (Klapper v Codd, 78 Misc 2d 377.) By authority of section 400.00 of the Penal Law, however, a designated licensing officer may extend to a qualified applicant the privilege of possessing or carrying a pistol or revolver. The issuance or denial of such license is within the discretion of the licensing officer and although that discretion is not beyond control or review, so long as the determination is based on reason and is *112 justified by evidence, it will not be disturbed. (Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d 269, 277-278.)
On the record here, however, the court is unable to evaluate the respondent’s denial of the application. The conclusion reached by an investigative agency which is not authorized to issue or withhold the license is cited as the basis for denial. The information developed by the investigations relied upon has not been made known to the petitioner nor is it available to the court for evaluation in this proceeding. Regardless of this court’s confidence in the ability and integrity of the respondent, the barrenness of the record makes impossible review of the respondent’s determination to which the petitioner is entitled. There must be made available a more complete record and the petitioner is entitled to a hearing so that there may be established a full record which can be scrutinized in an appropriate application to determine the validity of the decision of the licensing officer. (Matter of Buffa v Police Dept. of Suffolk County, 47 AD2d 841; Matter of Falk v City of New York, 41 AD2d 530; Katz v Murphy, 71 Misc 2d 220.)
The determination of the respondent is annulled and the matter is remanded for reconsideration and determination consistent herewith.