ready to be improved. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Hawkins, JJ., concur.

■ In the Matter of LUCY CRUZ, Appellant, v LUZ RIVERA, Respondent. —The attorney for the appellant has advised this court, by letter dated April 1, 1976, that the appeal from a "decision" of the Family Court, Dutchess County, dated March 2, 1976, has been withdrawn prior to a scheduled conference before Hon. Harry Gittleson. In accordance with the foregoing, the appeal is deemed withdrawn, without costs or disbursements. (This court has not passed upon the appealability of the paper sought to be reviewed.) Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.

■ In the Matter of JANICE EVENCHICK et al. THEODORE EVENCHICK, Respondent; BETTY EVENCHICK, Appellant.—The respective attorneys for the parties on this appeal from an order of the Family Court, Nassau County, entered January 19, 1976, and the Law Guardian, have agreed that the appeal be withdrawn, after a conference held before Hon. Harry Gittleson on March 25, 1976, and they signed a stipulation to such effect, which stipulation includes an additional provision. In accordance with the foregoing, the appeal is deemed withdrawn, without costs or disbursements, and it is ordered that a further hearing be held in the Family Court, Nassau County, before any Judge other than the Judge who signed the order appealed from. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.

■ In the Matter of SELMA HANSEN et al., Petitioners, v COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES OF THE STATE OF NEW YORK et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated September 29, 1975 and made after a hearing, which affirmed a determination of the respondent Commissioner of Social Services of the County of Nassau to discontinue medical assistance to petitioner Selma Hansen. Determination annulled, on the law, without costs or disbursements, petition granted, and the medical assistance payments are to be reinstituted, retroactive to October 31, 1975. The respondents' conclusions that petitioner had a beneficial interest in the proceeds of sale of real property based solely on the record ownership and the circumstances attendant upon the transfer of title are not "on the entire record, supported by substantial evidence" (see CPLR 7803, subd 4; *Matter of Stork Rest. v Boland,* 282 NY 256). More than a "mere scintilla" of evidence is required to sustain an administrative determination *(Wilson v Lavine,* 47 AD2d 964). Cohalan, Acting P. J., Damiani, Rabin, Titone and Hawkins, JJ., concur.

■ In the Matter of WILLIAM T. HUNT, Petitioner, v ISAAC RUBIN, as County Judge of Westchester County, et al., Respondents.—Proceeding pursuant to CPLR article 78(1) to review a determination of the respondent County Judge which denied petitioner's application for a pistol license and (2) to compel the said respondent to issue a pistol license. Determination confirmed and petition dismissed on the merits, without costs or disbursements. It was properly within the discretion of the respondent County Judge to determine that the amount of money to be carried by petitioner does not warrant the possession of a pistol for protection. The denial of the application for a pistol license was neither arbitrary nor capricious. Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.