■ In the Matter of MARILYN F. DAVIS, Petitioner, v JOHN J. CLYNE, as Judge of the County Court of Albany County, Respondent.—Proceeding pursuant to CPLR article 78 (brought on in this court [CPLR 506, subd (b), par 1]) to review a determination of respondent which denied petitioner's application for a pistol permit. By memorandum dated February 17, 1977 we withheld decision and remitted the matter to the court below with the instruction that respondent articulate the reason for denial of petitioner's application for a pistol permit *(Matter of Davis v Clyne,* 56 AD2d 692). By letter to the clerk of the court, dated April 8, 1977, respondent stated, in substance, that since the petitioner was 29 years of age, had a young child at home and had given "hunting and target practice" as the purposes for which the permit was sought, the application should be denied. It is clear that a pistol license may be denied for any good cause (Penal Law, § 400.00, subd 1, par [d]; cf. *Matter of Barton Trucking Corp. v O'Connell,* 7 NY2d 299), and it is equally clear that the licensing officer has a great deal of discretion in deciding whether a pistol license should be granted to a particular applicant *(Matter of Hunt v Rubin,* 52 AD2d 955; *Matter of Moore v Gallup,* 267 App Div 64, affd 293 NY 846; *Matter of Sheriff v Codd,* 83 Misc 2d 625; *Klapper v Codd,* 78 Misc 2d 377). This discretion is not, however, without limits. The determination of the licensing officer may not be arbitrary and capricious *(Matter of Guida v Dier,* 84 Misc 2d 110, mod 54 AD2d 86; *Matter of Sheriff v Codd, supra; Klapper v Codd, supra; Katz v Murphy,* 71 Misc 2d 220; *Matter of De Trano v Looney,* 66 Misc 2d 183; cf. *Matter of Maytum v Nelson,* 53 AD2d 221, 227). In the instant case, petitioner has indicated that if she is granted a pistol license she will engage in practice and competitive pistol shooting sponsored by organizations affiliated with the National Rifle Association of which she is a member. This is a legitimate purpose and a license to use a pistol under such controlled and structured conditions should not be withheld, particularly, where as here, the issuing officer may restrict the license so as to limit the use of the pistol to events sponsored by groups or organizations affiliated

with the National Rifle Association (see *Klapper v Codd, supra;* Penal Law, § 400.00, subd 2, par [e]). Therefore, since petitioner's age and the fact that she has a small child at home are not disqualifying facts or in any way related to the purpose stated in her application, we conclude that petitioner has shown good cause and, further, that it was an impermissible exercise of the issuing officer's discretion to disapprove the application. Determination annulled, without costs, and matter remitted for further proceedings not inconsistent herewith. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.