■ In the Matter of RICHARD CHARBONNEAU, Petitioner, v LOREN N. BROWN, as Judge of the County Court of Saratoga County and as Pistol Licensing Officer Thereof, and His Successors in Office, Respondent.—Proceeding pursuant to CPLR article 78 (brought on in this court [CPLR 506, subd (b), par 1]) to review a determination of respondent, which denied petitioner's application to vacate the revocation of petitioner's pistol license and to direct respondent to reinstate the license. Petitioner was licensed to carry a pistol and had in his possession $5,000 in cash when, on April 20, 1978, an incident occurred in the Town of Clifton, Saratoga County, wherein he displayed a pistol to one Richard Ahnert, and, as a result, a complaint was made to the Saratoga County Sheriff's department. Thereafter, petitioner was charged with menacing, and the Sheriff's department took a signed statement from him relative to what had occurred. Following a review of this statement and reports of the Sheriff's Department, respondent revoked petitioner's pistol license on April 21, 1978. The menacing charge was later dismissed, however, and subsequent thereto petitioner requested that respondent vacate his earlier revocation of the license. After the submission of two more signed statements, one from petitioner and another from a witness at the scene of the incident which supported petitioner's account, and a personal interview of petitioner by respondent, respondent refused to vacate the license revocation, and this proceeding ensued. Consisting primarily of the signed statements noted above, the evidence in the record is uncontested and establishes that the incident in question was provoked by Richard Ahnert, who was operating a vehicle on public highways so as to tailgate a vehicle operated by petitioner and ultimately force petitioner to come to a stop off the road in a ditch. Ahnert then proceeded to exit his vehicle and approach petitioner in a threatening manner, and in response petitioner removed a pistol from the glove compartment of his vehicle and, without unholstering it, displayed it for Ahnert to see. When this happened, Ahnert quickly departed the scene, and events subsequently developed as set forth above. Under these circumstances, it is obvious that Ahnert gave petitioner ample reason to fear both for his personal safety and the loss of a large sum of money, and in that situation petitioner was plainly justified in displaying the pistol as he did without removing it from its holster (cf. *Matter of Michaelson v New York City Police Dept., License Div.,* 53 AD2d 573). While we are mindful that the issuance or denial (or revocation) of a license to carry a pistol (Penal Law, § 400.00) is within the discretion of the licensing officer, the exercise thereof is not beyond review *(Matter of Davis v Clyne,* 58 AD2d 947). This record fails to disclose any justifiable reason for the continuance of the order revoking petitioner's license. It does reveal that the respondent held a private conference with the petitioner and it may be that respondent learned something which justified his challenged determination. However, there is nothing in the present record that such is the case. Accordingly, the matter must be remitted with the instruction that respondent articulate the reason or reasons for its continuance of the revocation order and denial of petitioner's application to reinstate his license (see *Matter of Guida v Dier,* 54 AD2d 86). Decision withheld, and matter remitted for further proceedings not incon-

sistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.