■ In the Matter of RICHARD W. BOISSY, Petitioner, v JOHN J. CLYNE, as County Court Judge of Albany County, Respondent.—Proceeding pursuant to CPLR article 78 (brought on in this court [CPLR 506, subd (b), par 1]) to annul a determination denying petitioner's application to vacate the revocation of his pistol license. On October 12, 1976, respondent revoked a pistol license that had been issued to petitioner in 1970. It is not denied that petitioner was advised of the basis for this decision, yet he appeared with counsel before respondent on September 5, 1978 and gave testimony concerning the revocation in an apparent effort to procure a license. His attorney requested that certain other witnesses be produced, but respondent stated that petitioner's account would not cause him to alter his former decision and the proceeding was terminated. The instant article 78 proceeding was then commenced to annul respondent's determination. We note that by 1978 petitioner's time to challenge the revocation of his license had long since expired (CPLR 217) and that he was not seeking a new license. Accordingly, we conclude that respondent properly treated his appearance

as an application to vacate the prior determination and reinstate his original license (cf. *Matter of Charbonneau v Brown*, 69 AD2d 925). Barred from attacking the revocation in a direct fashion, petitioner was obliged to bring forth new material indicating that its effect should not be continued. However, unlike the situation presented in *Charbonneau (supra)*, petitioner here did not offer any persuasive reasons why that result should obtain. His testimony was actually nothing more than a reargument, for it did not purport to develop facts previously unknown nor did it suggest that there had been some intervening change of circumstance. The production of evidence warranting a vacatur of the revocation was a matter entirely within petitioner's control, and given the inadequacy of his proof, we find no abuse of respondent's discretion in denying the application. Moreover, even if the revocation itself were subject to review, petitioner's own version of the events leading up to that decision reveals that respondent possessed a rational basis for so acting. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.