■ In the Matter of JOSEPH FULCO, Respondent, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Appellants. In the Matter of JOHN MAGLIOCCO, Respondent, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Appellants. — Judgment, Supreme Court, New York County, entered June 17, 1980, which in an article 78 proceeding directed respondents to issue a permit to petitioner to carry a pistol, unanimously modified, on the law, without costs, to vacate direction to issue permit, and petition granted only to the extent of remanding to respondent for further consideration. Judgment, Supreme Court, New York County, entered September 12, 1980, which in an article 78 proceeding

directed respondents to issue a permit to petitioner to carry a pistol, unanimously modified, on the law, without costs, to vacate direction to issue permit, and petition granted only to the extent of remanding to respondent for further consideration. Respondents appeal from judgments in two article 78 proceedings directing them to issue permits to carry pistols to two applicants. The factual pattern with regard to both applications for permits are sufficiently similar to make it appropriate to consider the appeals together. In substance, the applicants are businessmen who allege without contradiction that they carry substantial sums of cash incident to their respective businesses and who also assert a variety of other circumstances in support of the claim that they are more likely than the average person to become the victims of robberies. One application was denied with the following observation: "Insufficient Need (daily cash receipts $2-300-Banks daily)". The second application was disapproved with the following explanation: "Insufficient Need [business not operated on cash basis, few public contacts]". The controlling statute, section 400.00 (subd 2, par [e]) of the Penal Law, provides in pertinent part that a license for a pistol or revolver shall be issued to "have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof". The explanations given by the licensing officer for the disapproval of the applications are insufficient to permit an informed judicial review of the reasonableness of the actions taken. (See *Matter of Montauk Improvement v Proccacino,* 41 NY2d 913; *Matter of Davis v Clyne,* 56 AD2d 692.) It is not possible to determine with any assurance from the licensing officer's cryptic observations whether the disapprovals were based on general criteria applicable in an even-handed way to those similarly situated. Respondents of course are vested with broad discretion in responding to such applications and are required to exercise their judgment on the basis of a total evaluation of the relevant factors. Inevitably the decision to grant or deny an application will from time to time turn on rather narrow distinctions. Nor do we suggest that respondents should be rigidly confined to the mechanical application of very detailed criteria. But under the circumstances presented, a more informative statement of the controlling considerations is necessary for us to determine the reasonableness of the actions taken, and accordingly we remand for further consideration. Concur — Murphy, P. J., Sandler, Sullivan and Fein, JJ.