■ In the Matter of FORD L. COLIN, Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, Respondent. — Appeal from an order of the County Court of Madison County (Patane, J.), entered May 21, 1981, which denied petitioner's

application to reinstate his pistol permit, and affirmed a prior order revoking said permit. As a result of an incident which occurred during the early morning hours on October 19, 1980 in petitioner's home in Bridgeport, New York, wherein petitioner became involved in a heated altercation with the members of his family during which he threatened to shoot all of them with a .44 magnum pistol, petitioner was arrested on a menacing charge and an order was issued by the County Court of Madison County which revoked petitioner's pistol permit. When petitioner subsequently applied for a reinstatement of the permit, a hearing was held on the matter after which the court adhered to its earlier determination and refused to reinstate the permit. The instant appeal ensued, and we hold that the challenged order should be affirmed. It is well settled and indeed conceded by petitioner that the court had broad discretion in ruling on this matter and that its resolution of the factual and credibility issues presented is to be accorded great weight in the resolution of the controversy (see Matter of St.-Oharra v Colucci, 67 AD2d 1104; Matter of Harris v Codd, 57 AD2d 778, affd 44 NY2d 978). With these principles in mind, we have examined the record and find that it contains written statements given to the police by petitioner's two sons to the effect that petitioner was extremely intoxicated and fighting with all the members of his family during the incident and that he threatened to shoot all of the family members with a pistol he was holding in his hand and had to be physically restrained in his attempt to reach ammunition for the pistol. Thereafter, the police were summoned and, as noted above, a charge of menacing was lodged against petitioner. Given a record such as this, the court plainly did not abuse its broad discretion by revoking and refusing to reinstate petitioner's pistol permit. Moreover, a contrary ruling is not warranted merely because petitioner's two sons understandably attempted to make light of the incident and support their father at the hearing or because of the fortuitous circumstance that the pistol was not discharged during the altercation. Upon the evidence presented the court was clearly justified in ruling that petitioner lacked the character and emotional stability necessary for one to be licensed to carry a pistol. Order affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.