■ DAVID SABLE, Respondent, v ROBERT J. McGUIRE, as Commissioner of the Police Department of the City of New York, Appellant. — Judgment entered July 1, 1982 in Supreme Court, New York County (S. Schwartz, J.), directing the police commissioner to issue a pistol license to petitioner, unanimously reversed, on the law, and the petition is dismissed, without costs. The commissioner had found, in the words of the court below, a "1) Failure of petitioner to show sufficient need to distinguish himself from the countless others in every conceivable occupation who do business within the City of New York without the benefit of a license to carry a concealed pistol and 2) that the high crime areas are not justifiable cause for issuance of a pistol license." While Special Term obviously would have come to a different conclusion as to petitioner's need than did the police department, the discretion as to what constitutes "proper cause" for the issuance of a permit is vested in the administrator. (*Hochreich v Codd,* 68 AD2d 424.) On this record it cannot be said that the determination of insufficient need was either arbitrary or capricious. And since there is no claim that the standards, against which all applicants are measured, are infirm there is no basis for finding the denial of a license to be without a rational basis. (*Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269, 276.) Nor was it error for the licensing official to reject the petitioner's "high crime area" argument, the logical extension of which is to "make the community an armed camp." (*Tabankin v Codd,* NYLJ, Sept. 13, 1974, p 2, col 3, affd 48 AD2d 771; *Matter of Bernstein v Police Dept. of City of N. Y.,* 85 AD2d 574.) Concur — Sandler, J. P., Carro, Fein, Milonas and Kassal, JJ.

■ GARY S. LEVINE, Respondent, v KESEF CONSULTANTS, LTD., et al., Appellants. — Judgment entered November 1, 1982 and order entered October 20, 1982, Supreme Court, New York County (Blyn, J.), granting defendants' motion for summary judgment, in part, and awarding summary judgment to plaintiff in part, is reversed, on the law, to the extent appealed from by defendants, and plaintiff's request for summary judgment is denied, without costs. Notwithstanding the written agreement for purchase of a debenture, there is an issue of fact as to whether plaintiff knew that no debentures were available and requested that stock be substituted. Further we note that although all causes of action in the complaint appear to be directed against both defendants, the first cause of action appears to allege only an agreement with the individual defendant. We do not pass on the propriety of the judgment and order to the extent that they grant relief to defendants as there is no appeal from that branch of the judgment and order. Concur — Sullivan, J. P., Silverman, Bloom and Kassal, JJ.