■ In the Matter of RICHARD H. KING, Petitioner, v IRAD S. INGRAHAM, as County Judge of Chenango County, Respondent. —Main, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner's application for a pistol permit.

In January 1983, petitioner's pistol permit was revoked based upon his conviction, after a guilty plea, of the crime of assault in the third degree. As a result of the assault conviction, which stemmed from an altercation between petitioner and his then-wife, petitioner was sentenced to a one-year conditional discharge. At the end of the one-year period, in January 1984, petitioner applied for a new pistol permit. That application was disapproved. Thereafter, petitioner requested that his application be reconsidered, and a hearing on the matter was conducted on November 26, 1984. Respondent again disapproved petitioner's application, and this proceeding ensued.

Respondent, as pistol licensing officer for Chenango County, has broad discretion in ruling on pistol permit applications *(Matter of Colin v People,* 92 AD2d 697, 698). He may deny a pistol permit application for any good cause (Penal Law § 400.00 [1] [d]; *Matter of Davis v Clyne,* 58 AD2d 947, *lv denied* 44 NY2d 646), and his determination should not be disturbed unless it is arbitrary and capricious *(Matter of Davis v Clyne, supra).* In the instant case, petitioner admits that he was convicted of the crime of assault in the third degree. It was this conviction that caused petitioner's pistol permit to be revoked in 1983. Respondent found that petitioner's "assaultive behavior within the past two years" was sufficient reason to deny his application for a new permit in 1984. Given the violent nature of the crime of which petitioner was convicted and its proximity in time to the date of his application for a new permit, we cannot say that respondent's determination denying the application was arbitrary and capricious or an abuse of his discretion. Accordingly, the determination must be confirmed.

Determination confirmed, and petition dismissed, without

costs. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.