■ In the Matter of THOMAS A. PRZYBYLOWICZ, Petitioner, v JAMES N. WHITE, as Former Montgomery County Court Judge, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Montgomery County) to review a determination of respondent James N. White denying petitioner's application for a limited use pistol permit for the purpose of hunting and target shooting.

Petitioner contends that the order dated December 7, 1984 denying his application for a pistol permit should be annulled on the grounds that it was affected by an error of law, was arbitrary and capricious, and was not supported by substantial evidence. We disagree. The determination is supported by substantial evidence and is not affected by error of law, arbitrariness or caprice. The determination should therefore be confirmed and the petition dismissed.

Petitioner argues, among other things, that County Court, in erroneously stating in its decision that petitioner had been convicted of driving while intoxicated, had made a fatal error requiring annulment of the determination. The record clearly shows that petitioner was convicted only of driving while his ability was impaired on two occasions, the first conviction occurring four years prior to the hearing and the second conviction occurring two years prior to the hearing. The court's error appears to be no more than a misstatement on this record and of no real significance.

We find that the decision is otherwise supported by substantial evidence and should be upheld. Petitioner's two convictions for driving while ability impaired and testimony from neighbors as to petitioner's proclivity for drinking were sufficient to support the decision. Administrative proceedings are not governed by strict rules of evidence. Hearing officers are entitled to rely on hearsay which is indicated to be reliable. We find petitioner's driving while ability impaired convictions to be corroborative of the neighbors' observations (see, Matter of Cole v New York State Dept. of Educ., 94 AD2d 904, lv denied 60 NY2d 556).

Petitioner was given an opportunity to present evidence in response to the investigator's findings. The totality of the

evidence before the issuing officer clearly supported his findings.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Mikoll, Levine and Harvey, JJ., concur.