■ In the Matter of CHARLES I. ANDERSON, Petitioner, v JOSEPH A. MOGAVERO, JR., as County Judge of Otsego County, Respondent.—Main, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner's application for a pistol permit.

In February 1985, petitioner submitted to respondent an application for a pistol permit. In that application, petitioner indicated that he had never been arrested but that a previous pistol permit application by him had been denied. Thereafter, respondent learned that petitioner's previous application had been denied because petitioner had failed to reveal on that application that he had been arrested and charged with assault in the third degree in Putnam County in 1981. Consequently, respondent denied petitioner's application. Petitioner's attorney then sent a letter to respondent asking him to reconsider his decision, explaining that, while petitioner had been aware that he had been involved in an incident in Putnam County that led to a court appearance, he had not thought that he had actually been arrested. Respondent, noting that petitioner could have explained this on the application itself, refused to alter his decision denying the application and informed petitioner that he should fully explain the Putnam County incident on any future pistol permit application.

As Otsego County's pistol licensing officer, respondent has broad discretion in ruling on permit applications, which he may deny for any good cause (Matter of King v Ingraham, 113 AD2d 977; Matter of Colin v People, 92 AD2d 697, 698; Matter of Davis v Clyne, 58 AD2d 947, lv denied 44 NY2d 646). We should not disturb his determination unless it is arbitrary and capricious (Matter of King v Ingraham, supra; Matter of Davis v Clyne, supra). Here, as noted by respondent, petitioner could have written in his permit application the very same information that was relayed to respondent after the fact by petitioner's attorney. In our view, petitioner's failure to so apprise respondent at the time of his application provided grounds for respondent's denial of the application. Since we cannot say that respondent's determination was either arbitrary and capricious or an abuse of discretion, we will not disturb his decision.

Determination confirmed, and petition dismissed, without

costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.