■ In the Matter of ROBERT HAYDEN, Appellant, v SUFFOLK COUNTY POLICE DEPARTMENT, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Police Department dated May 14, 1986, which, after a hearing, revoked the petitioner's pistol license.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

The determination of the Hearing Officer that the petitioner lacked "good moral character", which is a statutory prerequisite to issuance of a pistol permit (Penal Law § 400.00 [1] [a]), was supported by substantial evidence adduced at a hearing *(see,* CPLR 7803 [4]). The petitioner was issued a pistol license in 1982. The testimony at the hearing established that on

November 30, 1984, the petitioner attempted to purchase stolen camera equipment from an undercover police officer. He subsequently pleaded guilty to attempted criminal possession of stolen property in the second degree. There was also testimony at the hearing indicating that the petitioner had attempted to purchase stolen property on another occasion. This testimony constituted substantial evidence supporting the revocation. Therefore, we may not substitute our judgment for that of the Administrative Hearing Officer *(see, Matter of Przybylowicz v White,* 115 AD2d 939; *Matter of Colin v People,* 92 AD2d 697, 698).

We also reject the petitioner's claim that the Hearing Officer's determination was arbitrary and capricious *(see,* CPLR 7803 [3]). The determination was made after a full and fair hearing. The petitioner was represented by counsel and given ample opportunity to present evidence on his own behalf. The Hearing Officer gave due consideration to the character witness and letters presented by the petitioner. It was within the discretion of the Hearing Officer to determine that, in light of all of the evidence, the petitioner lacked the moral character necessary to hold a pistol permit. This determination was not arbitrary or capricious, and we decline to disturb it *(see, Matter of Bernstein v Police Dept.,* 85 AD2d 574; *Matter of Marlow v Buckley,* 105 AD2d 1160; *Matter of Jenkins v Martin,* 99 AD2d 811; *Matter of St.-Oharra v Colucci,* 67 AD2d 1104). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.