■ In the Matter of MICHAEL W. PANAS, Petitioner, v JOSEPH J. TRAFICANTI, JR., as Ulster County Surrogate, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner's pistol permit.

Respondent revoked petitioner's pistol permit on December 16, 1987 following a hearing at which there was testimony, although contradicted, that petitioner held a loaded .38-caliber handgun to his former wife's temple in a dangerous and threatening manner. Petitioner filed a notice of appeal dated February 4, 1988 and thereafter, in August 1988, commenced this CPLR article 78 proceeding to review the revocation of

his pistol permit. We denied respondent's motion to dismiss the proceeding as untimely, without prejudice to the issue being raised upon argument.

There must be a dismissal. The appropriate procedure for review of an order revoking a pistol permit is not by direct appeal from the determination but, rather, by commencement of a CPLR article 78 proceeding *(Matter of Ehrlich,* 99 AD2d 545; *see, Matter of Boissy v Clyne,* 71 AD2d 701, *appeal dismissed* 48 NY2d 974). The instant article 78 proceeding, clearly commenced more than four months after the determination became final and binding upon petitioner, is untimely (CPLR 217; *see, Matter of Boissy v Clyne, supra).* Additionally, a proceeding against a Judge of the Surrogate's Court should be commenced in Supreme Court and is improperly commenced in this court in the first instance *(Matter of Juracka v Severson,* 115 AD2d 102, *lv denied* 67 NY2d 603; *see,* CPLR 506 [b]; *Matter of Nolan v Lungen,* 61 NY2d 788). Moreover, were we to reach the merits, we would uphold respondent's determination which was supported by substantial evidence in the record and was neither arbitrary nor capricious *(see, Matter of King v Ingraham,* 113 AD2d 977; *Matter of Colin v People,* 92 AD2d 697).

Petition dismissed, without costs. Mahoney J. P., Kane, Weiss, Mercure and Harvey, JJ., concur.