OPINION OF THE COURT
Bernard F. McCaffrey, J.
The novel issue presented in this matter concerns an application by the petitioner, Linda Berkman, which seeks to have the Supreme Court stay an order of visitation issued by the Nassau County Family Court (Balkin, J.) and to compel that court to conduct a further hearing on the issue of visitation.
The petitioner seeks an order pursuant to CPLR article 78 *734 to have this court review the determination made by Nassau County Family Court Judge Pauline C. Balkin, dated January 19, 1990, awarding visitation rights to the respondent Daniel DeBlasio.
Petitioner and respondent, DeBlasio, are the parents of two infant issue, Melissa born April 28, 1988, and Joseph born September 9, 1989. After five years of cohabitating at the home of DeBlasio’s mother, Evelyn DeBlasio, in Bethpage, on or about November 1989 petitioner departed the premises with the children and relocated to Holtsville, New York. On November 27, 1989, petitioner and issue obtained an ex parte order of protection and stay away order against DeBlasio from Nassau County Family Court.
On December 19, 1989, the Honorable Pauline C. Balkin granted DeBlasio’s paternity petition and awarded $75 per week in temporary child support.
DeBlasio subsequently filed a visitation petition and Janet Mehlman, Esq., was appointed Law Guardian for the children. On January 19, 1990, during a visitation proceeding the parties consented to forensic evaluations which are anticipated to be completed on or about May 7, 1990. In the interim Judge Balkin awarded petitioner custody and DeBlasio supervised visitation on alternate Saturdays from 12:00 noon until 5:00 p.m. at his mother’s home in Bethpage. Petitioner strenuously opposed any visitation until the completion of forensic evaluations and more extensive hearing.
However, after reviewing a written report and recommendations of the Law Guardian and entertaining testimony and cross-examination of the court-designated supervisor, Mrs. DeBlasio, visitation was ordered. In addition to the aforementioned restrictions, the order prohibits removal of the children beyond Nassau and Suffolk Counties and requires the presence of a blood relative at all times, including during pickup and delivery of the children. On any occasion petitioner arrives after 1:30 p.m. visitation for that day is deemed waived. An order to this effect was entered January 26, 1990. Reargument was not sought.
Rather, on January 25, 1990, petitioner obtained an order to show cause in this court to review the Family Court’s determination. A temporary restraining order staying visitation until the hearing and determination of petitioner’s application was requested, but stricken.
The initial issue for consideration is jurisdictional. In that *735 petitioner has not sought reargument in the Family Court, the question exists whether the proper forum for this proceeding is the Supreme Court or the Appellate Division, Second Department.
CPLR 506 relating to venue of special proceedings provides in subdivision (b) (1) that, "a proceeding against a justice of the supreme court or a judge of a county court or the court of general sessions shall be commenced in the appellate division in the judicial department where the action, in the course of which the matter sought to be enforced or restrained originated, is triable”.
This provision has been narrowly construed depriving appellate jurisdiction to all such proceedings unless one of the specifically delineated Judges is a named respondent (Matter of Nolan v Lungen, 61 NY2d 788 [1984]). For example, in Matter of Juracka v Severson (115 AD2d 102), the Third Department dismissed a mandamus proceeding against a Judge of the Surrogate’s Court due to lack of jurisdiction. (See also, Matter of Panas v Traficanti, 147 AD2d 795 [3d Dept 1989]; Matter of Muka v Livingston, 113 AD2d 963 [3d Dept 1985].) Likewise, the Appellate Division has been held to be an improper forum for a writ of prohibition commenced against a Judge of the Court of Claims (Matter of People v Quigley, 59 AD2d 825). Lastly, in Panek v McLaughlin (110 Misc 2d 1017), the Supreme Court denied a writ of mandamus seeking to compel a Family Court Judge’s discretionary determination concerning the issuance of certain subpoenaes.
However, even if this matter is properly vested in this court, a writ of mandamus is an inappropriate form of relief under these circumstances.
Mandamus is an extraordinary remedy which, by definition, is available only in limited circumstances. (Klostermann v Cuomo, 61 NY2d 525 [1984].) "An order in the nature of mandamus is 'appropriate only where the right to relief is "clear” and the duty sought to be enjoined is performance of an act commanded to be performed by law and involving no exercise of discretion’ * * *. The act sought to be compelled must be ministerial, nondiscretionary and nonjudgmental, and be premised upon specific statutory authority mandating performance in a specific manner” (Matter of Brown v New York State Dept. of Social Servs., 106 AD2d 740, 741, lv denied 65 NY2d 604).
In the context of judicial activity, mandamus will lie to *736 compel the performance of a purely ministerial act, e.g., to determine a motion, but it is not available to direct the outcome of a matter committed to the judgment or discretion of a court, even when the dispute involves questions of constitutional dimension. (Matter of Legal Aid Socy. v Scheinman, 73 AD2d 411, affd 53 NY2d 12.) " The writ of mandamus * * * may also be addressed to subordinate judicial tribunals, to compel them to exercise their functions, but never to require them to decide in a particular manner. * * * This principle applies to every case where the duty, performance of which is sought to be compelled, is in its nature judicial, or involves the exercise of judicial power or discretion, irrespective of the general character of the officer or body to which the writ is addressed. A subordinate body can be directed to act, but not how to act, in a manner as to which it has the right to exercise its judgment. The character of the duty, and not that of the body or officer, determines how far performance of the duty may be enforced by mandamus.’ ” (Klostermann v Cuomo, supra, at 540, citing People ex rel. Francis v Common Council, 78 NY 33, 39.)
Petitioner seeks to circumvent this difficulty by arguing that she is not seeking to review Judge Balkin’s order but, instead, attempting to compel a "full” hearing after ordering expedited forensic evaluations on the issue of visitation. (This is to be contrasted with the language employed in the January 25, 1990 order to show cause as to why an order should not be issued to "review” the January 19,1990 determination.)
This proposition is inherently contradictory and, thus, fatally flawed. Petitioner merely seeks to do by indirection that which she is precluded from doing directly. To immediately compel a further hearing would, of necessity, require this court to review and at least modify Judge Balkin’s discretionary determination. There is, therefore, no clear legal right to the relief sought.
In view of the severity of petitioner’s allegations, alternatively, the more appropriate remedy may be to seek reargument before Judge Balkin or a stay from the Appellate Division while simultaneously pursuing an expedited appeal. Petitioner’s CPLR article 78 mandamus application is, therefore, denied.
Petitioner is directed to serve a copy of the within order with notice of entry upon all parties.