In the Matter of JAMES K. MULLIGAN, Petitioner, v FRANK B. WILLIAMS, as County Judge of Saratoga County, Respondent.

Third Department, July 18, 1991

**APPEARANCES OF COUNSEL**

*Jeffrey Chamberlain* for petitioner.

*Robert Abrams, Attorney-General (Wayne L. Benjamin* and *Francis V. Dow* of counsel), for respondent.

## OPINION OF THE COURT

HARVEY, J.

In August 1973, petitioner obtained in Albany County an unrestricted license to carry a concealed pistol. At that time, his application showed that he was employed as an investigator by a detective agency. Thereafter, between 1974 and 1990 petitioner's unrestricted license was amended six times to reflect, *inter alia,* his change of employment to an operating engineer in 1982, address changes and the acquisition or sale of various weapons. Petitioner moved from Albany County to Saratoga County in 1982. In 1990, when he purchased and sought to register an additional firearm, he was advised by Albany County officials that any request to do so now had to be directed to Saratoga County. On September 17, 1990, petitioner filled out what purported to be an affidavit for a "duplicate" pistol license in Saratoga County.

In October 1990, a duplicate original license was issued to petitioner by respondent, a duly authorized "licensing officer" (Penal Law § 265.00 [10]). However, instead of issuing a duplicate unrestricted license, the duplicate license issued to petitioner was restricted to "hunting & target" shooting. By letter dated November 2, 1990, petitioner's attorney requested that the restriction be removed from petitioner's pistol permit because of petitioner's desire to start work at a new job as a private investigator for a licensed private investigator specializing in personal protection. A letter written by petitioner on November 13, 1990 then requested that his records be transferred to Saratoga County pursuant to Penal Law § 400.00 (5). In it, he again requested that his permit remain unrestricted because of the necessities of his anticipated future employment.

In December 1990, respondent advised petitioner's attorney that it was his long-standing policy to only issue licenses restricted to hunting and target shooting, but that he was amenable to granting a "special amendment" where it was necessitated by "employment needs such as security guard and the like" and that petitioner was free to apply for one. Respondent stated that he saw no reason to grant an exception to his policy in petitioner's case since the "special amendment" he described would suffice to allow petitioner to carry a

pistol "while actually employed in the capacity of [a] private investigator". Thereafter, petitioner commenced this CPLR article 78 proceeding in this court principally alleging that respondent's action in restricting his license was unauthorized and seeking an order directing respondent to remove the restriction from his pistol license.

As pointed out by petitioner, State law provides no other mechanism for issuing firearm licenses except pursuant to Penal Law article 400. Respondent gives no reason why firearms and firearms licensing statutes should not be construed according to their clear and plain meaning (see, e.g., People v Parker, 70 AD2d 387, 392, 394 [Birns, J., dissenting], revd on dissenting opn below 52 NY2d 935, 936). Here, the original unrestricted firearm license issued to petitioner in August 1973 was issued pursuant to what is now listed as Penal Law § 400.00 (2) (f), which states that: "A license for a pistol or revolver shall be issued to * * * have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof" (emphasis supplied). Pursuant to Penal Law § 400.00 (10), a license granted to an individual in petitioner's position "shall be in force and effect until revoked". Further, it "shall be effective throughout the state" (Penal Law § 400.00 [6]). The problems in the case at bar apparently stem from confusion over the fact that petitioner moved to Saratoga County from his original residence in Albany County. However, pursuant to Penal Law § 400.00 (5), a licensee who has changed his or her place of residence only need apply for a transfer of any records or applications "to the appropriate officer at the licensee's new place of residence". Significantly, the statute states that "[n]othing in this subdivision shall be construed to change the expiration date or term of such licenses if otherwise provided for in law" (Penal Law § 400.00 [5]).

As a clear reading of these statutory provisions indicates, a license does not expire or become ineffective simply because the licensee moves to another county (see, 1972 Opns Atty Gen 111). Nor, as a reading of Penal Law § 400.00 (10) confirms, is a change of residence a situation which triggers the necessity of obtaining a duplicate license. Penal Law § 400.00 (10) states that "[u]pon satisfactory proof that a currently valid original license has been despoiled, lost or otherwise removed from the possession of the licensee * * * the licensing officer shall issue a duplicate license" (emphasis supplied). Since none of the aforementioned circumstances occurred in this case, it was

unnecessary for petitioner to apply for a duplicate license. All that was necessary for petitioner to do in his situation was what he eventually did shortly after mistakenly filing for a duplicate license, i.e., apply to transfer the license and records to Saratoga County (see, Penal Law § 400.00 [5]). Since no proceedings to revoke petitioner's original license have been undertaken to this court's knowledge, his original license remains in effect. Consequently, we direct that the unnecessary duplicate license be voided as improperly issued in contravention of Penal Law § 400.00 (10).

Our resolution of the foregoing issue renders unnecessary an exploration of the remaining issues raised by petitioner, including his contention that respondent exceeded his statutory authority by placing restrictions on a duplicate license. We note in passing that at oral argument the Attorney-General informed the court that about half of the issuing officers in the State adhered to a policy of restrictions on pistol permits which are not specifically mentioned in the statute. Given this situation, it would appear wise for the Legislature to study the statute and specifically grant issuing officers the right to restrict the use of these handguns for hunting and target practice in order to promote consistency among the jurisdictions.

MIKOLL, J. P., YESAWICH, JR., MERCURE and CREW III, JJ., concur.

Adjudged that the determination is annulled, without costs, and petition granted to the extent that the purported "duplicate" pistol license issued to petitioner October 23, 1990 in Saratoga County be declared null and void and the original license issued August 22, 1973 be declared still in full force and effect.