OPINION OF THE COURT
Anthony A. Scarpino, Jr., J.
The applicant is the holder of New York State amended pistol license No. 39608. This license is "restricted to target shooting and hunting”. The applicant seeks an order amending his license by removing all "restrictions” upon the grounds that such restrictions are not authorized by State law (see, Penal Law § 400.00).
The issue is whether a pistol licensing officer outside of New *695 York City has the legal authority to place "restrictions” on a pistol license issued pursuant to Penal Law § 400.00 (2) (f). At the applicant’s request, the court has received and reviewed written argument and a memorandum of law submitted by the applicant’s attorney. Upon the court’s review of the record and the applicable statutes, the court holds that Penal Law § 400.00 (2) (f) authorizes licensing officers to restrict a license to the purposes which justified its issuance.
Penal Law § 400.00 is the exclusive procedure for the issuance of licenses to possess and/or carry pistols or revolvers (1982 Opns Atty Gen 92, Opn No. 82-9). Pursuant to Penal Law § 400.00 (1), "[n]o license shall be issued or renewed except for an applicant (a) of good moral character; (b) who has not been convicted anywhere of a felony or a serious offense; (c) who has stated whether he has ever suffered any mental illness or been confined to any hospital or institution, public or private, for mental illness; and (d) concerning whom no good cause exists for the denial of the license.” Subdivision (2) of that section defines the seven "types” of licenses which may be issued (see, Penal Law § 400.00 [2] [a]-[g]). Subdivision (2) (f) is the only "type” of license for which this applicant is eligible. That subdivision authorizes the issuance of a license for a pistol or revolver to "have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof.” (Emphasis added.)
The determination of this application turns upon the statutory construction afforded the above-quoted statutory language. Construction is the process of determining the meaning of statutes and involves "drawing of conclusions with respect to subjects which lie beyond the direct expression of the text from elements known from, and given in, the text” (McKinney’s Cons Laws of NY, Book 1, Statutes § 71, citing 82 CJS, Statutes, § 311). While a prior judicial interpretation may bind subsequent courts (McKinney’s Cons Laws of NY, Book 1, Statutes § 72), the applicant and court agree that this issue has not been previously decided by any court in this State (but see, 1972 Opns Atty Gen 4, 5 [wherein the Attorney-General concluded that "the broad discretion given to local officers with respect to gun licenses implies the power to issue licenses subject to conditions or restrictions based on local circumstances”]).
While a court should avoid judicial legislation (McKinney’s Cons Laws of NY, Book 1, Statutes § 73), reasonable implica *696 tians drawn from the statutory language are preferable to a strict construction which is inconvenient, absurd, or which leads to other objectionable consequences contrary to the purposes and intent of the statute (McKinney’s Cons Laws of NY, Book 1, Statutes § 74). Thus, the construction to be adopted is one that suppresses the evil sought to be remedied by the statute (McKinney’s Cons Laws of NY, Book 1, Statutes § 95) and, a statute should not be construed so as to lead to evil, unjust, oppressive, or absurd consequences or to self-contradiction (McKinney’s Cons Laws of NY, Book 1, Statutes § 141).
Penal Law § 400.00 is derived from former Penal Law § 1897. As far back as 1884, New York prohibited the possession of a pistol without a license by persons under 18 years old (see, L 1884, ch 46, § 8). In 1905, the licensing provision was extended to persons over 16 (L 1905, ch 92; former Penal Code §410). The license was to be issued by a Magistrate "or in such manner as may be prescribed by ordinance of such city or village” (id.). In 1913, the reference to local cities, towns, and villages was deleted and replaced by the words "as hereinafter prescribed”. The statute then set forth the various conditions which either required issuance or merely authorized issuance. Thus, with respect to employees of specified institutions (e.g., prisons, banks, etc.), the statute required issuance upon proper application. However, with respect to other persons not engaged in these specified occupations, the statute authorized, but did not require, issuance upon proof of good moral character and "proper cause” (L 1913, ch 608).
The courts have repeatedly interpreted the current statutory language to confer a great deal of discretion upon licensing officers in determining what constitutes "proper cause” for the issuance of a pistol license (see, Matter of Moore v Gallup, 267 App Div 64, affd 293 NY 846, mot to amend remittitur granted 294 NY 699; Matter of Davis v Clyne, 58 AD2d 947, lv denied 44 NY2d 646, rearg denied 45 NY2d 776; Matter of Fulco v McGuire, 81 AD2d 509; Matter of Marlow v Buckley, 105 AD2d 1160; Sable v McGuire, 92 AD2d 805; Matter of Guida v Dier, 84 Misc 2d 110, mod on other grounds 54 AD2d 86). While no court has squarely decided the issue herein, at least one court has premised their reversal of a licensing officer’s denial of a pistol license on the grounds that a desire to engage in target shooting is a legitimate purpose and "a license to use a pistol under such controlled and structured conditions should not be withheld, particularly, where as here, *697 the issuing officer may restrict the license so as to limit the use of the pistol.” (Matter of Davis v Clyne, supra, at 947, citing Klapper v Codd, 78 Misc 2d 377, and Penal Law § 400.00 [2] [e], renum [f] by L 1981, ch 175, § 5.)
The term "proper cause” denotes a legitimate reason, a circumstance or combination of circumstances justifying the granting of a privilege. A generalized desire to carry a concealed weapon to protect one’s person and property does not constitute "proper cause” (see, for example, 38 RCNY ch 5, § 5-03; also see, Matter of Bernstein v Police Dept., 85 AD2d 574; Matter of Sable v McGuire, 92 AD2d 805, supra). However, a sincere desire to participate in target shooting and hunting has been held to constitute a legitimate reason for the issuance of a pistol permit (see, Matter of Davis v Clyne, supra).
If an applicant, like this applicant, seeks to carry for "hunting, target shooting and protection of property and person,” and assuming the sincerity of the claims, the applicant has stated a legitimate reason to carry the weapon only in connection with target shooting and hunting activities. The applicant’s narrow construction of the statute would require the issuance of an unrestricted license to carry for all purposes upon a showing of need for any limited purpose. Thus, anyone who expresses a legitimate interest in target shooting or hunting would automatically be licensed to carry a concealed weapon anytime, anywhere, and for whatever reason they wanted. Such a result would frustrate and render ineffective the obvious purpose of the statute to regulate and control the proliferation, possession, and use of handguns in this State. Such a result would be absurd and would lead to objectionable consequences contrary to the intent of the statute.
It is the opinion of the court that the power to determine the existence of "proper cause” for the issuance of a pistol license necessarily and inherently includes the power to restrict the use to the purposes which justified its issuance. Notwithstanding the above, this court wholeheartedly agrees with the sentiments recently expressed by the Appellate Division, Second Department in Matter of Mulligan v Williams (169 AD2d 280, 283) wherein they stated: "We note in passing that at oral argument the Attorney-General informed the court that about half of the issuing officers in the State adhered to a policy of restrictions on pistol permits which are not specifically mentioned in the statute. Given this situation, it would appear wise for the Legislature to study the statute *698 and specifically grant issuing officers the right to restrict the use of these handguns for hunting and target practice in order to promote consistency among the jurisdictions.”
The applicant’s remaining contentions have been considered and found to be without merit. The assertion that the "form” prescribed by the State Police does not allow the county of issuance to place the name of such county or any restrictions on such form is incorrect. On the top of the form prescribed by the State is printed, "County of_”. Obviously, the form requires each county to fill in the blank. As to the addition of a space on the back of the license to insert the conditions and restrictions applicable to the license, the authority to place restrictions on the license necessitates the utilization of the license form to notify the licensee of appropriate restrictions.
The further contentions that restrictions do not further any legitimate county interest, are arbitrary and capricious, and improperly distinguish or discriminate between residents of this county and residents of counties that do not utilize restrictions, are also without merit. The variations in population density, composition, and geographical location provide ample grounds upon which to exercise the discretion provided by statute. The circumstances which exist in New York City are significantly different than those which exist in Oswego or Putnam Counties. Such circumstances must be considered in the exercise of the licensing officer’s discretion. The licensing officers in each county are in the best position to determine whether any interest of the population of their county is furthered by the use of restrictions on pistol licenses. The mere fact that some licensing officers choose to utilize restrictions while others do not does not make their use arbitrary or capricious. Such a determination can only be made on a case-by-case basis.
In accordance with the foregoing, the application to remove the restrictions contained on the applicant’s existing license is denied. The County Clerk is directed to return the applicant’s existing license to him at the address listed thereon.