■ In the Matter of BELINDA G. EDDY, Petitioner, v PATRICK L. KIRK, as Herkimer County Court Judge, Respondent. [600

NYS2d 574] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner applied for a pistol license on or about September 20, 1991. On her application, she stated that the license was required for "hunting and target shooting". Respondent, a licensing officer for Herkimer County (see, Penal Law § 265.00 [10]), issued petitioner a pistol permit on April 7, 1992. The license contained the following notation: "issued for hunting, fishing & target practice". No timely challenge to the issuance of that permit was made by petitioner. By letter dated July 22, 1992, petitioner's attorney requested that respondent remove the restrictions placed on petitioner's pistol license on the ground that such restrictions are not authorized by State law (see, Penal Law § 400.00). On July 30, 1992, respondent denied the application to remove the restrictions and concluded that no hearing was necessary because petitioner "fail[ed] to state sufficient reasons * * * to review the above-stated permit". Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination that denied her application to have the restrictions removed from her pistol license.

Initially, we note that, to the extent that petitioner seeks to challenge respondent's April 7, 1992 issuance of the license containing the restrictions, that issue is not before us and is time-barred by the four-month Statute of Limitations that governs article 78 proceedings (see, CPLR 217 [1]; Bitondo v State of New York, 182 AD2d 948, 950-951).

Penal Law § 400.00 is the exclusive statutory mechanism that governs the licensing of firearms in New York State. Petitioner's license was issued pursuant to Penal Law § 400.00 (2) (f), which authorizes the issuance of a license for a pistol "to have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof". The determination of the issue raised by the petition rests upon the construction to be accorded that statutory language.

A licensing officer has broad discretion in determining whether to grant, deny or revoke a pistol license (Matter of Fromson v Nelson, 178 AD2d 479; Matter of Anderson v Mogavero, 116 AD2d 885) and whether "proper cause" exists for the issuance of a pistol license under Penal Law § 400.00 (2) (f) (Matter of O'Connor, 154 Misc 2d 694; see also, Matter of Davis v Clyne, 58 AD2d 947, lv denied 44 NY2d 646; Moore v Gallup, 267 App Div 64, affd 293 NY 846). The licensing

officer's determination will not be disturbed unless it is arbitrary and capricious *(Matter of King v Ingraham,* 113 AD2d 977; *Matter of Davis v Clyne, supra).* The burden is on the applicant to establish "proper cause" for the issuance of a "full-carry" permit under Penal Law § 400.00 (2) (f) *(Matter of Bernstein v Police Dept.,* 85 AD2d 574). We conclude that the authority of the licensing officer to determine whether "proper cause" exists necessarily and inherently includes the authority to impose and retain certain restrictions on the license so that the pistol is used for the purposes that justified its issuance in the first place *(accord, Matter of O'Connor, supra; see also, Matter of Caruso v Ward,* 160 AD2d 540, *lv denied* 76 NY2d 706; *Matter of Davis v Clyne, supra; cf., Matter of Mulligan v Williams,* 169 AD2d 280, 283).

Petitioner proffered no reasons that would constitute "proper cause" to justify the removal of the restrictions contained on her pistol license. Therefore, we conclude that respondent's determination was not arbitrary and capricious and did not constitute an abuse of discretion. We have reviewed petitioner's remaining arguments and find each one to be lacking in merit. (Original Proceeding Pursuant to Article 78.) Present—Denman, P. J., Pine, Balio, Doerr and Davis, JJ.