■ HERBERT LIU, Respondent, v NEW YORK CITY POLICE DEPARTMENT, et al., Appellants. [627 NYS2d 683]—Order, Supreme Court, New York County (Jane Solomon, J.), entered on or

about March 28, 1994, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs.

Contrary to defendants' claim, actions against the municipality to recover for Federal and State civil rights violations are not subject to the notice of claim requirements in General Municipal Law § 50-i (*Felder v Casey*, 487 US 131; *Alaimo v New York City Dept. of Sanitation*, 203 AD2d 501).

However, plaintiff's failure to specifically plead the existence of an official policy or custom which deprived him of a constitutional right in violation of 42 USC § 1983 is fatal to his claim against the municipality (*Jackson v Police Dept.*, 192 AD2d 641, 642, *lv denied* 82 NY2d 658, *cert denied* — US —, 114 S Ct 1370). A municipality can be found liable under 42 USC § 1983 for deprivation of constitutional rights only where the municipality itself causes the constitutional violation at issue (*supra*, at 642). It cannot be held liable pursuant to 42 USC § 1983 based solely upon the doctrine of respondeat superior or vicarious liability (*supra*, at 642).

Res judicata does not bar plaintiff from litigating his State and Federal civil rights claims in which he alleges that the revocation of his pistol licenses was discriminatorily based upon his Chinese national origin and deprived him of his constitutional rights. Although these claims were not raised in the prior CPLR article 78 proceeding challenging the revocations (*Matter of Liu v New York City Police Dept.*, 188 AD2d 284, *lv denied* 81 NY2d 708), damages for civil rights violations are not "incidental to the primary relief sought" (CPLR 7806; *Davidson v Capuano*, 792 F2d 275), and thus, the article 78 court "did not have the power to award the full measure of [the] relief sought" (*supra*, at 278; *see also*, *Fay v South Colonie Cent. School Dist.*, 802 F2d 21, 29; *Matter of Rosario v Blum*, 80 AD2d 511, 512-513). Nor is plaintiff collaterally estopped since the civil rights claims in the present action were not raised or necessarily decided in the prior action (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664).

However, we find that the individual defendants should be granted qualified immunity from plaintiff's civil rights claims. A government official performing a discretionary function is entitled to qualified immunity provided his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known (*Anderson v Creighton*, 483 US 635, 639-640). Determination as to whether the doctrine of qualified immunity may be invoked requires a three-part analysis (*Ying Jing Gan v City of New York*, 996

F2d 522, 532 [2d Cir 1993]; *Jermosen v Smith*, 945 F2d 547, 550 [2d Cir 1991], *cert denied* 503 US 962; *Francis v Coughlin*, 891 F2d 43, 46 [2d Cir 1989] [citing *Anderson v Creighton, supra*]). The court must determine: (1) the identification of the specific right allegedly violated; (2) whether that right was so "clearly established" as to alert a reasonable official to its constitutional parameters; and (3) whether a reasonable official could have believed that the particular conduct at issue was lawful.

Once the defense is raised by defendant, plaintiff has the burden to show that the constitutional right at issue was clearly established at the time of defendant's actions (*Connor v Foster*, 833 F Supp 727, 730). A defendant-government official will prevail if the right asserted by plaintiff was not "clearly established" or if the official reasonably believed that his particular conduct was lawful. Qualified immunity is an affirmative defense and an issue of law which the court should decide at the earliest possible stage of the litigation, and it may be raised and decided on a motion to dismiss prior to discovery (*Harlow v Fitzgerald*, 457 US 800, 815; *Castro v United States*, 34 F3d 106, 112-113 [2d Cir 1994]).

Where the objective reasonableness of an official's conduct rests on establishing whether defendant acted with an impermissible motive or intent, plaintiff must plead such intent with specific evidence (*Lewis v City of Ft. Collins*, 903 F2d 752, 758 [10th Cir 1990], citing *Pueblo Neighborhood Health Ctrs. v Losavio*, 847 F2d 642, 649 [10th Cir 1988]; *Hobson v Wilson*, 737 F2d 1, 29-31 [DC Cir 1984], *cert denied sub nom. Brennan v Hobson*, 470 US 1084; *Gooden v Howard County*, 954 F2d 960, 969-970 [4th Cir 1992]; *Ostrer v Aronwald*, 567 F2d 551, 553 [2d Cir 1977]; *Contemporary Mission v United States Postal Serv.*, 648 F2d 97, 106-107 [2d Cir 1981]).

There can be no question in the instant case that the revocation of pistol permits on the impermissible basis of national origin would be a violation of a right clearly established with sufficient specificity such that a reasonable government official would have known that engaging in such conduct was unlawful. However, we find that a reasonable official could have believed that the conduct at issue here was lawful.

A firearm licensing authority has broad discretion in rendering its determinations (*Matter of Eddy v Kirk*, 195 AD2d 1009, *affd* 83 NY2d 919; *Matter of Anderson v Mogavero*, 116 AD2d 885), and under the circumstances here where plaintiff engaged in conduct illegal on its face with regard to firearms, was arrested, and offered an explanation for his conduct which could reasonably be viewed as lacking credibility, defendants had no

reason to believe that their conduct was unlawful in revoking plaintiff's permits; indeed we found it rationally based *(Matter of Liu v New York City Police Dept., supra)*. Absent a discriminatory motive, defendants' challenged conduct would not violate clearly established law. However, plaintiff's pleadings with regard to discriminatory intent are vague and conclusory, and even in opposition to the motion to dismiss plaintiff fails to demonstrate any nexus between the specific evidence purportedly supporting the complaint and the acts of the defendants *(Ostrer v Aronwald, supra,* at 553). Concur—Murphy, P. J., Sullivan, Rubin, Asch and Williams, JJ.