■ In the Matter of GARY SELTZER, Respondent, v DONALD F. KANE, as Commissioner of Police of the Nassau County Police Department, Appellant. [660 NYS2d 740] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Police of the Nassau County Police Department dated July 10, 1995, which, after a hearing, inter alia, denied the petitioner's application for a "full carry" pistol or revolver permit, the appeal is, by permission, from an order of the Supreme Court, Nassau County (DiNoto, J.), entered April 19, 1996, which directed the Commissioner of Police of the Nassau County Police Department to adopt a written standard for determining approval or disapproval of an application for a license to possess and carry a pistol or revolver, and remitted the matter to the Commissioner of Police for reconsideration of the petitioner's application under such a written standard.

Ordered that the order is modified, on the law, by deleting the provision thereof which directed the Commissioner of Police of the Nassau County Police Department to adopt a written standard for determining license applications to possess and carry a pistol or revolver; as so modified, the order is affirmed, without costs or disbursements.

The Commissioner of Police of the Nassau County Police Department (hereinafter the Commissioner) denied the petitioner's application for a "full carry" permit because "such a permit cannot be granted under our current licensing policies". These are not reasons "specifically and concisely stated

in writing" required under Penal Law § 400.00 (4-a) *(see also, e.g., Matter of Deyo v County Ct. Judge,* 215 AD2d 758; *Matter of Babu v Lange,* 164 AD2d 910). "[A] more informative statement of the controlling considerations is necessary for us to determine the reasonableness of the actions taken" *(Matter of Fulco v McGuire,* 81 AD2d 509, 510). Additionally, the Commissioner's argument that the petitioner never made an application for a "full carry" permit is belied by the record. Thus, the matter was properly remitted to the Commissioner to reconsider the application and, if it is denied, to articulate, in writing, the standards used in evaluating the petitioner's license application and the reasons for denial. Nevertheless, the Supreme Court was without authority to direct the Commissioner to adopt written standards applicable to all such applications, as no such written standards are required under the statute *(see,* Penal Law § 400.00). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.